**Marion C.H. LEMATTA, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 93–923.

United States Court of Veterans Appeals.

Jan. 26, 1996.

William H. Archambault was on the pleadings for the appellant.

Mary Lou Keener, General Counsel; Norman G. Cooper, Assistant General Counsel; Thomas A. McLaughlin, Deputy Assistant General Counsel; and John D. McNamee were on the pleadings for the appellee.

Before MANKIN, IVERS, and STEINBERG, Judges.

IVERS, Judge:

Marion C.H. Lematta, through counsel, has filed an application for attorney fees under the Equal Access to Justice Act (EAJA). 28 U.S.C. § 2412(d); *see also* U.S.Vet.App.R. 39(b). For the reasons set forth below, we deny the appellant's application.

## I. FACTUAL BACKGROUND

On June 4, 1993, the Board of Veterans' Appeals (BVA or Board) denied the appellant's claim for entitlement to service connection for bilateral talar (ankle joint) disorder and intermittent hematuria (condition of

blood in the urine) (STEDMAN'S MEDICAL DICTIONARY 1761 772, (26th ed. 1995)). *Lematta,* BVA 94-_____ (June 4, 1993). On September 22, 1993, the appellant filed a Notice of Appeal (NOA) with this Court seeking review of the BVA decision.

On July 29, 1994, the appellant filed a motion for a stay of proceedings under Rules 26(b) & 27 of the Court's Rules of Practice and Procedure (Rules) to allow more time to complete his brief. The motion also stated that the appellant was in the process of filing a motion with the Board requesting reconsideration of the BVA's decision denying his claim. The motion to stay the proceedings was unopposed and was granted on July 28, 1994.

In a September 29, 1994 letter, the Deputy Vice–Chairman of the Board notified the appellant that he would order the Board to reconsider its decision. Appellant's Exhibit 1. Upon being notified that the Chairman of the BVA had ordered reconsideration, the Secretary filed a motion with this Court on October 6, 1994, requesting a remand and stay of proceedings on the basis of this Court's decision in *Cerullo v. Derwinski,* 1 Vet.App. 195, 200 (1991) (when BVA Chairman indicates inclination to grant reconsideration after NOA filed, motion for remand must be filed with the Court).

On October 13, 1994, this Court issued an order granting the Secretary's unopposed motion to remand the matter to the Board. On November 11, 1994, counsel for the appellant filed an EAJA application seeking fees in the amount of $2,958.75. On December 12, 1994, the Secretary filed a motion to dismiss the appellant's application, arguing that the appellant was not a prevailing party and that he had not specified which positions of the United States were not substantially justified. The Court ordered the appellant to respond to the Secretary's motion, and the appellant filed a response on February 24, 1995.

## II. APPLICABLE LAW

### A. EAJA Text

On October 29, 1992, Congress enacted section 506 of the Federal Courts Adminis-

tration Act of 1992, Pub.L. No. 102–572, § 506, 106 Stat. 4506, 4513 (1992), which amended 28 U.S.C. § 2412(d)(2)(F) to make the EAJA applicable to this Court. Section 506(b) limited such application "to any case pending before the United States Court of Veterans Appeals on the date of the enactment of this Act [October 29, 1992]" (found at 28 U.S.C. § 2412 note (Application of 1992 Amendment to Pending Cases)).

The terms of the Government's consent to be sued are found in the EAJA itself, which provides in part:

(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action, ... including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

(B) A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection and the amount sought, including an itemized statement ... [of] the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

. . . .

(2) For the purposes of this subsection—

. . . .

(B) "party" means (i) an individual whose net worth did not exceed $2,000,-000 at the time the civil action was filed....

28 U.S.C. § 2412(d)(1)(A), (B), (2)(B).

The requirements set forth under these EAJA provisions have been amplified by this Court in Rule 39(b), which provides in part:

(b) Content. The application .... must include:

(1) a statement that the applicant is a prevailing party and is eligible to receive an award;

(2) identification of the specific position or positions of the Secretary that the appellant alleges were not substantially justified; and

(3) an itemized statement from the applicant's attorney as to each type of service which was rendered....

U.S.Vet.App.R. 39(b)(1)–(3).

■ In summary, an appellant may not be awarded attorney's fees under the EAJA by this Court unless: (1) the appellant is a prevailing party; (2) the appellant is eligible for an EAJA award; and (3) the appellant identifies how the position of the Secretary was not substantially justified. This Court holds that the appellant has failed to show that he is a "prevailing party"; therefore, we reject the application for attorney fees under the EAJA.

### B. Analysis

#### 1. Prevailing Party Requirement

■ Although this Court has generally held that the prevailing party requirement of the EAJA is satisfied when a remand is ordered, the issue whether a *Cerullo* remand for reconsideration by the Board automatically makes the appellant a prevailing party is a matter of first impression for this Court. *See, e.g., Stillwell v. Brown,* 6 Vet.App. 291, 300–01 (1994). Because this is a case of first impression, it will be necessary to draw upon the analysis of other courts in order to develop this Court's jurisprudence in this area. Essentially, other courts have established that a litigant may become a "prevailing party" for EAJA purposes in one of three ways:

(1) succeeding on the merits (*Guglietti v. Secretary, HHS,* 900 F.2d 397, 400–02 (1st Cir.1990) (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978)); *see also Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Exeter–West Greenwich Regional School Dist. v. Pontarelli,* 788 F.2d 47, 50 (1st Cir.1986) (court coined the term "merits test")); (2) as the result of the suit's "catalytic effects" (*Guglietti,* 900 F.2d at 401 (quoting *Nadeau,* 581 F.2d at 279)); or (3) the "inevitable victory" test (*Perket v. Secretary of HHS,* 905 F.2d 129, 133 (6th Cir.1990)). Also, the appellant has the burden of demonstrating prevailing party status to the Court. *See Environmental Defense Fund, Inc. v. Watt,* 554 F.Supp. 36 (D.C.N.Y.1982), *aff'd,* 722 F.2d 1081 (2nd Cir.1983). Here, the appellant has not satisfied his burden of demonstrating that he is a prevailing party.

First, however, it is necessary to determine the continued viability of the catalyst theory in view of *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), the United States Supreme Court's most recent decision on the EAJA's prevailing party requirement. *See Stillwell,* 6 Vet. App. at 301 (casting some doubt as to whether a "lack of causation is still a viable basis, post-*Schaefer,* for defeating 'prevailing party' status."). In *Schaefer,* the Supreme Court addressed the specific question of when the 30–day filing period begins to run, where a district court orders a remand under 42 U.S.C. § 405(g). In making this determination, it was necessary to establish first when, in the litigation, the plaintiff is a "prevailing party" for EAJA purposes. *Id.* at ——, 113 S.Ct. at 2631. In the context of section 405(g), the Court held that there is a sharp distinction between a sentence-four remand, which entitles the plaintiff to prevailing party status, and a sentence-six remand which does not. *Ibid.* Essentially, the crux of the distinction is that a sentence-four remand terminates the case, and in a sentence-six remand the litigation is not terminated "until the completion of post-remand proceedings." *Flores v. Shalala,* 49 F.3d 562, 568 (9th Cir. 1995); *see also Cleary v. Brown,* 8 Vet.App. 305, 311 (1995) (Steinberg, J., concurring in part and dissenting in part). The Supreme

Court ultimately held "that a party who wins a sentence-four remand order is a prevailing party" because that party " 'has succeeded on [a] significant issue in [the] litigation which achieved some of the benefit ... sought in bringing suit' " *Schaefer*, 509 U.S. at ——, 113 S.Ct. at 2632 (citation omitted).

Prior to *Schaefer*, federal courts routinely used the catalyst theory to determine whether a party was entitled to prevailing party status under various attorney fee statutes. *See, e.g., Baumgartner v. Harrisburg Housing Authority*, 21 F.3d 541, 545 (3rd Cir. 1994) (collecting cases and recognizing that the catalyst theory is a well-established doctrine). Although *Baumgartner* and several of the cases it cited do not involve fees under the EAJA, they are nonetheless instructive because "[t]he legislative history of section 2412 indicates that Congress intended that 'prevailing party' as used in the [EAJA] be read consistently with other fee-shifting statutes." *Heeren v. City of Jamestown, Ky.*, 39 F.3d 628, 631 (6th Cir.1994) (citation omitted).

In *Baumgartner*, the Third Circuit considered whether the catalyst theory was still viable for determining prevailing party status under 42 U.S.C. § 1988 (Civil Rights Attorney Fee Awards Act), in view of the Supreme Court's holding in *Farrar v. Hobby*, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), which, like *Schaefer*, declined to discuss the catalyst theory. *Baumgartner*, 21 F.3d at 547–50. The circuit court stated that, "[g]iven the importance that the catalyst theory long has had in prevailing party doctrine under 42 U.S.C. § 1988, we would expect that if the Court intended to hold it no longer a viable theory it would address the issue head-on in a case in which it was dispositive." *Id.* at 549. They further stated that because the Supreme Court, in *Farrar*, "had no need to invoke [the] 'catalyst theory', the fact that it was not discussed had no bearing on that theory's continued viability". *Id.* at 550. Accordingly, the circuit court held that the catalyst theory was still a viable doctrine. *Ibid; accord Zinn by Blankenship v. Shalala*, 35 F.3d 273, 276 (7th Cir.1994); *see also Hooper v. Demco, Inc.*, 37 F.3d 287, 292 (7th Cir. 1994) (applying the catalyst theory for fees

sought under the Employee Retirement Income Security Act).

■ Similarly, the Supreme Court in *Schaefer* did not express an opinion on the catalyst theory because one was not needed. The catalyst theory is a doctrine that is typically applied in situations where the plaintiff receives a desired result on a claim before that claim is actually litigated. *See, e.g., Heeren*, 39 F.3d at 631; *Zinn*, 35 F.3d at 274. The sentence-four remand that was at issue in *Schaefer* involves litigation on the actual merits. *Schaefer*, 509 U.S. at ——, 113 S.Ct. at 2629. The Court, in *Schaefer*, did not apply the catalyst theory because the facts did not call for such an analysis. Rather, the Court in *Schaefer* was able to determine that the plaintiff achieved prevailing party status under a version of the success on the merits theory. *See Schaefer*, 509 U.S. at ——, 113 S.Ct. at 2632. Therefore, we hold that when the appellant cannot succeed on the merits theory, the appellant may nonetheless demonstrate prevailing party status under the catalyst theory.

### a. Merits Theory

■ Applying the test at its most fundamental level, a litigant qualifies as a prevailing party under this inquiry if the litigant "wins the litigation." *Exeter–West Greenwich Regional School Dist.*, 788 F.2d at 50. However, as this Court expressed in *Stillwell*, an outright victory is not always a prerequisite. *Stillwell*, 6 Vet.App. at 301. It is enough for the Court to make some "substantive determination in [the] appeal, based upon the record, the parties' pleadings, and the Court's" precedent, that is favorable to the appellant. *Ibid.* This rule is consistent with the Supreme Court's holding in *Schaefer*, where the Court held that the prevailing party requirement of the EAJA is satisfied "[i]f the plaintiff has succeeded on any significant issue in litigation which achieved some of the benefit ... sought in bringing the suit." *Schaefer*, 509 U.S. at ——, 113 S.Ct. at 2632.

■ In *Stillwell*, this Court cited *French v. Bowen*, 708 F.Supp. 644, 648 (M.D.Pa. 1989), for the proposition that prevailing party status is not satisfied where the Court had

ordered a remand before an answer was filed and before the Court reviewed the record transcript. *Stillwell,* 6 Vet.App. at 301. Here, the Court has not made any substantive determinations. Moreover, this Court's remand order was issued before the issues were joined and before the Court entertained the merits of the case. The appellant filed his motion for reconsideration with the BVA and sought a stay of proceedings here before all pleadings were filed. The Secretary moved for remand in this Court on the basis of this Court's decision in *Cerullo* and not upon the merits of the appellant's appeal. In sum, the appellant's appeal was remanded before his claims were actually litigated. *See Cruz v. Bowen,* 668 F.Supp. 669, 673–74 (D.Utah 1987) (where remand was procedurally required and not ordered by the Court, the plaintiff was not a prevailing party). Therefore, it is impossible for the appellant to demonstrate prevailing party status under the merits theory.

### b. Catalyst Theory

■ Under the catalyst theory, an EAJA applicant may become a prevailing party "when plaintiff's lawsuit acts as a 'catalyst' in prompting defendants to take action to meet plaintiff's claims ... despite the lack of judicial involvement in the result." *Guglietti,* 900 F.2d at 401 (quoting *Nadeau,* 581 F.2d at 279); *see also Forest Conservation Council v. Devlin,* 994 F.2d 709, 711 (9th Cir.1993) (asking whether there was "a clear causal relationship between the litigation brought and the practical outcome realized" (citation omitted)). In order to achieve prevailing party status under this theory, the claimant must show: "(1) causal connection between the litigation and the relief obtained, and (2) that the fee-target did not act gratuitously" in granting the plaintiff's relief. *Guglietti,* 900 F.2d at 401 (citing *Nadeau,* 581 F.2d at 280–81); *see also Heeren,* 39 F.3d at 631 (describing the first prong of the catalyst theory as a determination of whether the "lawsuit was a necessary and important factor in achieving the relief desired" (citation omitted)); *Wilderness Society v. Babbitt,* 5 F.3d 383, 386 (1993) (describing the second prong as "whether the benefit achieved was

required by law and was not a gratuitous act of the defendant").

■ Regarding the first prong of the catalyst theory, it may be possible for an appellant who receives a *Cerullo* remand to demonstrate that the BVA's decision to grant reconsideration is an act that is causally related to the appellant's litigation actions in this Court. A plaintiff may be a "prevailing party for EAJA purposes even if (as here) the lawsuit is rendered moot by the granting of relief, *as long as [the] plaintiff demonstrates that 'it is more probable than not that the government would not have performed the desired act absent the lawsuit." Shu Chen v. Slattery,* 842 F.Supp. 597, 598 (D.D.C.1994) (emphasis added) (quoting *Public Citizen Health Research Group v. Young,* 909 F.2d 546, 550 (D.C.Cir.1990)). In the context of 42 U.S.C. § 1988, the Supreme Court stated:

> It is settled law, of course, that relief need not be judicially decreed in order to justify a fee award under § 1988. A lawsuit sometimes produces voluntary action by the defendant that affords the plaintiff all or some of the relief he sought through a judgment—e.g., a monetary settlement or a change in conduct that redresses the plaintiff's grievances. When that occurs, the plaintiff is deemed to have prevailed despite the absence of a formal judgment in his favor.

*Hewitt v. Helms,* 482 U.S. 755, 760, 107 S.Ct. 2672, 2675–76, 96 L.Ed.2d 654 (1987); *see also Zinn,* 35 F.3d at 274 (Seventh Circuit held that "a plaintiff may be a prevailing party ... even if the defendant voluntarily provides the relief sought rather than litigating the suit to judgment").

■ Here, the appellant's litigation actions in this Court consisted of the filing of an NOA, a brief, and a motion for a stay of proceedings pending a ruling on his request for reconsideration by the BVA. It is important to note that the appellant's motion for reconsideration filed with the BVA cannot be considered a litigation action for which EAJA fees can be awarded. *See Kolman v. Shalala,* 39 F.3d 173, 175 (7th Cir.1994) (EAJA fees are awarded under 28 U.S.C. § 2412(d) for "success in court," not "success in obtain-

ing relief from an administrative agency" (citing *Melkonyan v. Sullivan,* 501 U.S. 89, 97, 111 S.Ct. 2157, 2162–63, 115 L.Ed.2d 78 (1991))). Also worthy of note is that in the appellant's motion for reconsideration he drew the BVA's attention to the most recent VA medical records available, which included additional evidence that the BVA had not considered in its June 1993 decision. In view of the additional medical evidence that was uncovered, the BVA's decision to grant reconsideration is an administrative act that appears to be wholly independent of the litigation in this Court. The appellant simply has not shown that his litigation actions were " 'necessary and important factor[s] in achieving the relief desired.' " *Heeren,* 39 F.3d at 631 (citation omitted). Moreover, the appellant has not established *"that 'it is more probable than not that the government would not have performed the desired act absent the lawsuit.' "* *Shu Chen,* 842 F.Supp. at 598 (citation omitted) (emphasis added). Therefore, the appellant was not a prevailing party under the catalyst theory because he failed to satisfy the first prong of the established test.

### c.  Inevitable Victory Theory

 Another possible ·approach to demonstrating the prevailing party status is the inevitable victory theory under which some courts have found it appropriate to determine whether the litigant would have prevailed in the absence of favorable legislation which was subsequently enacted and ultimately required the remand. *See Perket,* 905 F.2d at 132 (Fourth Circuit held that appellant would have prevailed on his claim despite passage of the Social Security Disability Benefits Reform Act, because the administrative law judge failed to follow established precedent in the Sixth Circuit concerning disability presumptions). *But see Milton v. Shalala,* 17 F.3d 812, 814–15 (5th Cir.1994) (rejecting the inevitable victory theory); *Guglietti,* 900 F.2d. at 400 (also rejecting the inevitable victory test in favor of a "bright-line rule" like the "merits test" or the "catalytic effects" test). There was no superseding legislation enacted in this case; therefore, even if this Court were to adopt the controversial inevitable victory

test, it would not be applicable to the instant EAJA application.

### 2.  Other EAJA Requirements

Because this Court finds that the appellant has not shown that he is a prevailing party under either of the available theories, it is unnecessary for this Court to examine whether the appellant has met the other two requirements under the EAJA.

## III.  CONCLUSION

Based upon the foregoing analysis, the Court holds that the appellant has not established that he is a prevailing party under the EAJA. Therefore the appellant's application for attorney fees is DENIED.