**John WEIERBACH, Petitioner,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Respondent.**

No. 98–1289.

United States Court of Appeals for Veterans Claims.

July 14, 1999.

R. Edward Bates, was on the pleadings for the petitioner.

Leigh A. Bradley, General Counsel; Ron Garvin, Assistant General Counsel; Joan E. Morriarty, Deputy Assistant General Counsel; and Todd A. Sinkins, were on the pleadings for the respondent.

Before NEBEKER, Chief Judge, and FARLEY and GREENE, Judges.

FARLEY, Judge:

On December 3, 1998, the petitioner, through counsel, filed an application for attorney fees and expenses in the amount of $4,095.00 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The petitioner submitted that on July 21, 1998, he had filed a petition for extraordinary relief, seeking (1) an order directing the Secretary to forward the petitioner's claims folder to the Board of Veterans' Appeals (BVA or Board); (2) an order directing the Secretary to issue a decision on the petitioner's appeal within 90 days of the Court's order; and (3) any other relief that the Court deemed appropriate. He noted that (1) the Court had issued an order on July 31, 1998, directing the respondent to file a response to the petition; (2) on August 28, 1998, the respondent filed a response admitting an administrative error and correcting the same; (3) on October 20, 1998, the Court issued an order requiring the respondent to provide a supplemental response which would indicate when the regional office (RO) expected to transfer the claims file to the BVA for appellate consideration of the petitioner's entitlement to an increased rating for PTSD; (4) the supplemental response stated that the claims file was given to a member of the Board for adjudication on September 21, 1998; and (5) the BVA issued a decision on the petitioner's claim on November 13, 1998. The Court denied the petition for extraordinary relief on November 17, 1998.

On February 3, 1999, the Secretary filed a response to the EAJA application, arguing, inter alia, that (1) the petitioner, who ultimately received an adverse decision on the merits, is not a prevailing party, and (2) the Secretary's administrative and litigative position regarding entitlement to a writ were both substantially justified at the time the petitioner filed his petition and that the Secretary did not have a final administrative or litigative position as to the merits of the petitioner's claim as it was still pending.

 The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party ... fees and other expenses ... incurred by that party ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). To be considered a "prevailing party" pursuant to EAJA, it must be shown that the litigant prevailed (1) by succeeding on the merits; (2) as the result of the suit's "catalytic effects"; or (3) by application of the "inevitable victory" test. *See Chandler v. Gober,* 11 Vet.App. 6, 8 (1997); *Lematta v. Brown,* 8 Vet.App. 504, 507 (1996). Furthermore, the veteran has the burden of demonstrating prevailing party status to the Court. *Chandler,* 11 Vet.App. at 7–8; *see also Lematta,* 8 Vet.App. at 507 (citing *Environmental Defense Fund, Inc. v.*

*Watt*, 554 F.Supp. 36 (D.C.N.Y.1982), *aff'd*, 722 F.2d 1081 (2d Cir.1983)).

■ The petitioner argues that he is a prevailing party because the petition for extraordinary relief acted as a catalyst in prompting the RO to transfer his claims folder to the Board. Under the catalyst theory, an applicant is considered a prevailing party when his lawsuit "acts as a 'catalyst' in prompting defendants to take action to meet plaintiff's claims … despite the lack of judicial involvement in the result." *Lematta*, 8 Vet.App. at 509 (quoting *Guglietti v. Secretary, HHS*, 900 F.2d 397, 401 (1st Cir.1990)). In order to succeed under this theory, the petitioner must show: "(1) a causal connection between the litigation and the relief obtained, and (2) that the fee-target did not act gratuitously" in granting the plaintiff's relief. *Guglietti*, 900 F.2d at 400; *see also Lematta*, 8 Vet.App. at 509 (citing *Heeren v. City of Jamestown, Ky.*, 39 F.3d 628, 631 (6th Cir.1994) (describing first prong of catalyst theory as a determination of whether lawsuit was a "necessary and important factor" in achieving the desired result)). The petitioner must show that "it is more probable than not that the government would not have performed the desired act absent the lawsuit." *Public Citizen Health Research Group v. Young*, 909 F.2d 546, 550 (D.C.Cir.1990). Although the timing of events during a lawsuit can be significant in determining whether the lawsuit had a catalytic effect for EAJA purposes, "'the mere existence of a temporal coincidence … cannot alone suffice' to engage the gears of the catalyst test." *Langton v. Johnston*, 928 F.2d 1206, 1225 (1st Cir.1991) (quoting *Martinez v. Rhode Island Housing & Mortgage Finance Corp.*, 628 F.Supp. 996, 1001 (D.R.I.1986)); *see also Chandler*, 11 Vet.App. at 8.

As a preliminary matter, the Court rejects the Secretary's argument that the catalyst theory does not survive the Supreme Court's decision in *Farrar v. Hobby*, 506 U.S. 103, 113, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), which held, "No material alteration of the legal relationship between the parties occurs until the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendants," and found that a plaintiff who had recovered only nominal damages was not entitled to an attorney fee award. As the Secretary concedes, courts in all but the Fourth Circuit have held that the catalyst theory does survive *Farrar*. Likewise, in *Lematta*, 8 Vet.App. at 508, the Court considered this question and determined that the catalyst theory is still viable.

■ In the alternative, however, the Secretary has argued and we agree that the petitioner is not a prevailing party under the catalyst theory. The petitioner has not shown that his petition for extraordinary relief filed with this Court was a "necessary and important factor" in the transferring of his claims file. *See Langton, supra* (temporal coincidence alone does not suffice under the catalyst theory); *see also Lematta*, 8 Vet.App. at 510. In fact, the Secretary documented through exhibits submitted that the petitioner's file was transferred to the Board in the natural sequence of events:

• In May 1996, the petitioner submitted a Notice of Disagreement with respect to the March 1996 denials of entitlement to an increased evaluation for post-traumatic stress disorder and total disability based upon unemployability.

• In October 1997, the petitioner's appeal was docketed.

• In December 1997, the RO sent a letter to the petitioner, informing him that his claim was delayed because the RO was attempting to obtain VA treatment records. The RO also made a request to the Social Security Administration for records pertaining to disability benefits that had been awarded to the petitioner. A Statement of the Case was also issued that month.

• In January 1998, the Board requested that the RO transfer the claims file to the Board for appellate review. (This "call-up" procedure, whereby the Board advised the RO to send to the Board appeals in a range of docket numbers that were ready for review, is no longer in effect.)

• On July 9, 1998, the RO received from the Social Security Administration, a Social Security Disability Determination along with supporting documents. On July 21,

1998, the petitioner filed a petition for extraordinary relief.

• In August 1998, the Board received the petitioner's application for the purpose of preparing a declaration, a declaration was prepared, and the folder was transferred back to the RO for the purpose of informing the petitioner that his claims folder would be submitted.

• In September 1998, the petitioner's claims file was received by the Board.

Thus, based on the records before us, the petitioner has not shown that it was his petition for relief rather than the receipt of the Social Security forms that prompted the file to be transferred. He has not shown that the events are more than a temporal coincidence. Accordingly, the Court concludes that the petitioner has not met his burden of proving that he is a "prevailing party" for purposes of EAJA. *See Chandler, supra.*

Even assuming the petitioner could be considered a "prevailing party" under the catalyst theory, he would only be entitled to fees under EAJA if the Secretary's position was not "substantially justified." 28 U.S.C. 2412(d)(1)(A). In *Stillwell v. Brown,* 6 Vet. App. 291, 302 (1994), this Court established the following standard to determine the "substantial justification" issue:

> [T]he VA must demonstrate the reasonableness, in law and fact, of the position of the VA in a matter before the Court, and of the action or failure to act by the VA in a matter before the VA, based upon the totality of the circumstances, including merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filings of the parties before the Court.

The Court in *Stillwell* also adopted the following "reasonableness" test:

> (1) [R]easonableness is determined by the totality of circumstances, and not by any single-factor approach; (2) reasonableness "turns on what support in law and fact the government offered in defending its case, and ... the merits of the agency decision constitute only one factor in evaluating the

justification for the government's litigating position in court," *Essex [Electro Engineers, Inc. v. United States,* 757 F.2d 247, 253 (Fed.Cir.1985) ] (citation omitted); (3) whether the government "drag[ged] its feet," or "cooperated in speedily resolving the litigation," *id.;* and (4) whether the government "departed from established policy in such a way as to single out a particular private party," *id.* at 254 (citation omitted).

*Stillwell,* 6 Vet.App. at 302; *see also Moore v. Gober,* 10 Vet.App. 436, 440 (1997).

In this case, the only issue is whether the position of the Secretary at the administrative level was reasonable. To determine whether the Secretary's position was "reasonable" during the administrative proceedings, the Court looks to the relevant, determinative circumstances. *Bowyer v. Brown,* 7 Vet.App. 549, 552 (1995). The petitioner argued that the Secretary's position was not substantially justified because he was forced to obtain counsel and file an action with the Court in order to obtain the relief sought. The Secretary disagrees, noting that it was the necessary development of the petitioner's claim that resulted in the delay, as the Court had recognized in its November 1998 order denying the motion for extraordinary relief.

The Court notes that there is no evidence before us showing that the Board refused to comply with VA policies requiring the claims folder to be transferred. Rather, the exhibits submitted reveal that the process of development had been ongoing until the very month in which the petition was filed and that the folder was not transferred to the Board prior to July 1998 because the case was not yet ready for appellate review. Moreover, the "administrative error" upon which the petitioner relies was not the subject of the relief sought by his petition. The Court concludes, based on a totality of the circumstances, that the Secretary's position at the administrative level was substantially justified. *See Stillwell,* 6 Vet.App. at 302.

Accordingly, the petitioner's application for EAJA fees and expenses is DENIED.