KRAMER, Judge,
dissenting:
Because I believe that the petitioner has demonstrated under the catalyst theory that he is a “prevailing party” for purposes of 28 U.S.C. § 2412(d)(1)(A) and because I further believe that the Secretary has not met his burden of demonstrating substantial justification, I respectfully dissent.
I.
In setting forth the facts of the present case, the majority noted several items of relief that the petitioner had requested in his petition. However, in determining that the petitioner was not a prevailing party, the majority essentially confined its discussion to the petitioner’s request for an order directing the Secretary to transfer his appeal to the Board of Veterans’ Appeals (Board or BVA). The majority did not address whether prevailing party status could be predicated on the petitioner’s further request regarding the correction of his BVA docket number. As discussed below, I believe that, based upon that latter request for relief and the Secretary’s actions concerning that request, the petitioner here should be considered a prevailing party.
Initially, I note the following pertinent chronology. In his December 1998 petition, the petitioner asserted that he had filed a substantive appeal with the Board in 1996 and that, although the Board had eventually docketed his appeal, the BVA had assigned a docket number that would be appropriate for a substantive appeal received in 1997, rather than 1996. In support of his petition, he submitted a declaration from a Board official, which indicated that at the time the petitioner’s substantive appeal was filed it was the practice of the Board to assign a BVA docket number “based on the date of re *480 ceipt of the substantive appeal.” Petition, Exhibit 7. The petitioner therefore requested the Court to compel the Secretary to assign a docket number consistent with VA’s 1996 receipt of his substantive appeal.
In an April 1, 1999, order, the Court noted the petitioner’s assertion that the Secretary “ha[d] failed to assign the petitioner’s appeal a Board docket number that corresponded] with the filing of his substantive appeal” (Maddalino v. West, U.S. Vet.App. No. 98-2251 (order Apr. 1, 1999)) and ordered the parties to participate in a conference, which was subsequently scheduled to be conducted on April 27, 1999. On April 26, 1999, the petitioner received a telefax transmission from the VA Office of General Counsel regarding the “Maddalino writ,” which stated: “The regional] office misnumbering error has been rectified. This [appeal] has been docketed with the 1996 cases.” Petitioner’s May 3,1999, Status Report, Exhibit A. Shortly thereafter, the petitioner submitted a filing to the Court conceding that “[t]he Secretary ha[d] completed the relief sought in the [petition.” Petitioner’s May 3, 1999, Status Report at 2. Accordingly, the Court dismissed the petition as moot.
II.
In the instant case, the only contested issues regarding the petitioner’s EAJA application are whether the petitioner was a prevailing party and whether the position of the Secretary was substantially justified. See 28 U.S.C. § 2412(d); Chesser v. West, 11 Vet.App. 497, 499 (1998); Bazalo v. Brown, 9 Vet.App. 304, 308 (1996) (en banc), rev’d on other grounds sub nom. Bazalo v. West, 150 F.3d 1380, 1384 (Fed.Cir.1998).
A.
The petitioner contends that, although his petition was rendered moot, he is a prevailing party under the catalyst theory because he has obtained the relief requested in the petition and because the actions taken by VA in granting that relief were “wholly dependent upon the fifing of the litigation in this Court by the [petitioner.” Petitioner’s Application for Attorney Fees and Expenses at 4; see 28 U.S.C. § 2412(d)(1)(A); Chandler v. Gober, 11 Vet.App. 6, 7-8 (1997) (to be considered a prevailing party within the meaning of the EAJA, it must be shown that the litigant prevailed (1) by succeeding on the merits; (2) as a result of the suit’s “catalytic effects”; or (3) by application of the “inevitable victory” test); Lematta v. Brown, 8 Vet.App. 504, 509 (1996). Under the catalyst theory, an EAJA applicant may become a prevailing party when his lawsuit “acts as a ‘catalyst’ in prompting defendants to take action to meet plaintiffs claims ... despite the lack of judicial involvement in the result.” Lematta, 8 Vet.App. at 509 (quoting Guglietti v. Secretary, HHS, 900 F.2d 397, 401 (1st Cir.1990)). In order to succeed under this theory, the applicant must show: “ ‘(1) a causal connection between the litigation and the relief obtained, and (2) that the fee-target did not act gratuitously ” in granting the requested relief. Weierbach v. West, 12 Vet.App. 486, 488 (1999) (quoting Guglietti, 900 F.2d at 400).
With regard to the first prong of the catalyst theory, an applicant must show that the lawsuit was “ ‘a necessary and important factor’ ” in achieving the relief desired. Lematta, supra (citing Heeren v. City of Jamestown, Ky., 39 F.3d 628, 631 (6th Cir.1994)) (citation omitted); Garcia v. Sullivan, 781 F.Supp. 969, 972 (S.D.N.Y.1991) (to gain prevailing party status under the catalyst theory, “the necessary connection exists if plaintiffs lawsuit was ‘a catalytic, necessary, or substantial factor in obtaining relief ” (quoting Gerena-Valentin v. Koch, 739 F.2d 755, 758-59 (2d Cir.1984))). In the instant case, the petitioner filed a petition alleging, inter alia, that VA had erroneously assigned a 1997, rather than 1996, BVA docket number to his appeal. The VA Office of General Counsel, one day prior to *481 a Court-ordered conference to discuss the Secretary’s alleged “fail[ure] to assign the petitioner’s appeal a Board docket number that corresponded] with the filing of his substantive appeal” (Maddalino v. West, U.S. Vet.App. No. 98-2251 (order Apr. 1, 1999)), sent to the petitioner correspondence regarding the “Maddalino Writ,” stating that the “error” had been corrected. Considering the Secretary’s admission of error and the litigation context within which it occurred, the only reasonable inference is that the pending conference was a necessary and important factor in causing the Secretary to acknowledge and correct the error. Thus, I would find with respect to the first prong of the catalyst theory that the petitioner has successfully demonstrated the requisite causal connection between the petition and the relief obtained. See Lematta, 8 Vet.App. at 509; see also Garcia, 781 F.Supp. at 972-73 (finding that plaintiffs lawsuit was “a catalytic factor in expediting a ruling” and that plaintiff therefore was a prevailing party under the catalyst theory); cf. Weierbach, 12 Vet.App. at 488.
As to the second prong, the Court, in Lematta, 8 Vet.App. at 509, cited Wilderness Society v. Babbitt, 5 F.3d 383, 386 (9th Cir.1993), for the proposition that the second prong of the catalyst theory requires a determination as to “ “whether the benefit achieved was required by law and was not a gratuitous act of the defendant.’ ” In turn, Wilderness Society, 5 F.3d at 388, cited Sablan v. Department of Finance, 856 F.2d 1317 (9th Cir.1988), which described the requirements of the second prong as follows:
[T]here must be a legal basis for the [petitioner’s] claim — it must not be “frivolous, unreasonable^] or groundless.” See Fitzharris [v. Wolff], 702 F.2d [836,] 838 [(9th Cir.1983)]. Stated otherwise, “the defendant’s conduct in response to the lawsuit must be required by law,” [Operating Engineers Local Union No. 3 v.] Bohn, 737 F.2d [860,] 863 [(10th Cir.1984)], to ensure that the government did not act “gratuitously in response to a frivolous or legally insignificant claim.” Crosby v. Bowling, 683 F.2d 1068, 1070 (7th Cir.1982).
Sablan, 856 F.2d at 1325. In this regard, I note that there may be some disconnect in the test set forth in Sabían. In one sense, it could be construed to impose an obligation on the applicant to demonstrate only that his claim was cognizable (i.e., that there was “a legal basis” for bringing the claim). See Stivers v. Pierce, 71 F.3d 732, 752 (9th Cir.1995) (plaintiff is not required to demonstrate that he would have prevailed on merits in order to satisfy “legal basis” prong of catalyst test; claim has basis in law so long as it is not frivolous, unreasonable, or groundless); Wilderness Society, 5 F.3d at 388 (finding that plaintiff satisfied second prong of catalyst test because plaintiffs claim had “some basis in the law”). On the other hand, the language in Sablan could be construed to require the applicant to demonstrate that the government had an absolute obligation to provide the requested relief (i.e., that the relief was “required by law”). See Supre v. Ricketts, 792 F.2d 958, 962-63 (10th Cir.1986). Although the Court has not had occasion to adopt an interpretation of the requirements of the second prong, I believe that in the present case even the more stringent interpretation would be satisfied because the petitioner has provided evidence that the Board’s regular practice was to assign a docket number based on the date of receipt of the substantive appeal and the Secretary has conceded that an error was committed in failing to do so.
In light of the above, I would hold that the petitioner has demonstrated, under the catalyst theory, that he is a prevailing party for purposes of 28 U.S.C. § 2412(d)(1)(A).
B.
When the basic elements of an EAJA application are satisfied, the Court is required to award reasonable attorney fees *482 “unless the [C]ourt finds that the position of the United States was substantially justified.” 28 U.S.C. § 2412(d)(1)(A); Stillwell v. Brown, 6 Vet.App. 291, 301 (1994). Here the petitioner has alleged that the Secretary’s position was not substantially justified, and thus the Secretary “has the burden of proving that [his] position was substantially justified in order to defeat the [petitioner’s] EAJA application.” Stillwell, supra. In order to demonstrate substantial justification, the Secretary must show that his position was “justified to a degree that would satisfy a reasonable person.” Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). The Secretary must prove that his position was substantially justified at both the litigation and pre-litigation stages. See Locher v. Brown, 9 Vet.App. 535, 537 (1996); see also Elcyzyn v. Brown, 7 Vet.App. 170, 175 (1994) (“only one determination of lack of substantial justification with respect to the entire matter need be made”). Because the Secretary has acknowledged that an improper BVA docket number was assigned to the petitioner’s appeal and has not attempted to demonstrate that VA’s error was reasonable or that the delay in correcting that error was reasonable, I would find that the Secretary has not satisfied his burden of demonstrating that his actions were substantially justified. See Jacobsen v. West, 12 Vet.App. 546, 547 (1999) (holding that Secretary’s position at administrative level was not substantially justified where Secretary conceded, during litigation phase, that error had occurred at administrative level); see also Cook v. Brown, 6 Vet.App. 226, 237 (1994) (where Secretary had not presented a “substantially justified” defense, Court deemed that dispositive as to issue of substantial justification), aff'd, 68 F.3d 447 (Fed.Cir.1995); see also Vidal v. Brown, 8 Vet.App. 488, 492 (1996).
III.
In sum, I believe that the petitioner should be considered a prevailing party under the catalyst theory where, as here, the Secretary has conceded that an error occurred prior to the filing of the petition and has essentially admitted that the error was detected and corrected because of the petition and the proceedings that followed. Further, in light of the Secretarial concession of error, and the Secretary’s failure to provide any argument as to the reasonableness of the mistake or the timeliness of its correction, I would find a lack of substantial justification. Finally, I note that the majority raises an interesting question as to whether EAJA fees could be awarded in a case, such as this, where there has not yet been a final Board decision. See 38 U.S.C. § 5904(c)(1); cf. In re Fee Agreement of Mason, 13 Vet.App. 79, 85 (1999) (noting that “[a]n attorney may generally charge a fee for any services provided for representation before this Court”). However, I do not believe that the EAJA application should be decided by the Court on that alternative basis without first obtaining further briefing and oral argument on that point. See Morton v. West, 13 Vet.App. 205, 213 (1999) (Steinberg and Kramer, J.J., dissenting); Laruan v. West, 11 Vet.App. 80, 91 (1998) (Kramer and Steinberg, J.J., dissenting).