# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-1087

LUKE C. MILEY,                                                      PETITIONER,

   V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                       RESPONDENT.

Before KRAMER, *Chief Judge*, and HOLDAWAY and GREENE, *Judges* .

## O R D E R

The petitioner, Luke C. Miley, filed through counsel a petition for extraordinary relief in the nature of a writ of mandamus. On September 8, 1999, the Court dismissed that petition after the petitioner notified the Court of his agreement with the Secretary that the petition had been mooted because the Secretary had provided the requested relief.

The petitioner filed a timely application for attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). The Secretary filed an opposition to that application, and the petitioner filed a reply to that opposition and a request for additional fees and expenses. In a February 1, 2000, single-judge order, the Court dismissed the application for lack of jurisdiction because the petitioner had not satisfied his burden to demonstrate that he was a prevailing party in that his argument regarding prevailing party status under the catalyst theory was predicated on an inference based on a chronology of events and that inference was not sufficient "to engage the gears of the catalyst test" under *Weierbach v. West*, 12 Vet.App. 486, 488 (1999).

The petitioner appealed to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). On March 12, 2001, the Federal Circuit issued an opinion in this case in which it held that this Court had erred by holding, in this case and in others (including *Weierbach*, *supra*), that the catalyst theory did not allow for an inference of causation based on temporal coincidence. *Miley v. Principi*, 242 F.3d 1050, 1054-55 (Fed. Cir. 2001). The Federal Circuit vacated this Court's February 1, 2000, order and remanded the EAJA application to this Court for a determination, "under the correct standard, whether [the petitioner's] fee application should be granted." *Id*. at 1055.

On May 29, 2001, while this appeal was still pending before this Court on remand from the Federal Circuit, the Supreme Court of the United States held in *Buckhannon Bd. and Care Home v. West Virginia Dep't of Health and Human Resources* "that the 'catalyst theory' is not a permissible basis for the award of attorney's fees under the [Fair Housing Amendments Act of 1988 (FHAA)], 42 U.S.C. § 3613(c)(2), and [the Americans with Disabilities Act of 1990 (ADA)], 42 U.S.C. § 12205." *Buckhannon*, 121 S. Ct. 1835, 1843 (2001). In reaching that conclusion as to the FHAA

and the ADA, the Supreme Court noted that "Congress . . . has authorized the award of attorney's fees to the 'prevailing party' in numerous statutes in addition to those at issue here." *Buckhannon*, 121 S. Ct. at 1839. Instructively, the Supreme Court cited to the appendix of Justice Brennan's dissenting opinion in *Marek v. Chesny*, 473 U.S. 1, 43-51 (1985), which includes the "Equal Access to Justice Act, 28 U.S.C. § 2412(b)," *Marek*, 473 U.S. at 49, as an example of the "numerous statutes in addition to those at issue here" that authorize attorney fees for prevailing parties. *Buckhannon*, 121 S. Ct. at 1839. The Supreme Court then noted that it has "interpreted these fee-shifting provisions consistently, *see Hensley v. Eckerhart*, 461 U.S. 424, 433, n.7 . . . (1983) . . . ." *Buckhannon*, 121 S. Ct. at 1839 n.4. Hence, it appears that the Supreme Court's disavowal of the catalyst theory is applicable to a determination of prevailing party under the EAJA.

Moreover, this Court, in citing to *Baumgartner v. Harrisburg Housing Authority*, 21 F.3d 541, 545 (3rd Cir. 1994), in support of an explanation as to the catalyst theory, stated that "[a]lthough *Baumgartner* and several of the cases it cited do not involve fees under the EAJA, they are nonetheless instructive because '[t]he legislative history of section 2412 indicates that Congress intended that 'prevailing party' as used in the [EAJA] be read consistently with other fee-shifting statutes.' *Heeren v. City of Jamestown, Ky.*, 39 F.3d 628, 631 (6th Cir. 1994) (citation omitted)." *Lematta v. Brown*, 8 Vet.App. 504, 508 (1996). Finally, the Court notes that the Federal Circuit is bound by Supreme Court precedent. *See Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 665 n.5 (Fed. Cir. 1986) (Federal Circuit is bound by Supreme Court precedent until otherwise directed by Congress or Supreme Court). Thus, the Supreme Court's disavowal of the catalyst theory appears to negate the Federal Circuit's direction to this Court to apply the correct standard of that theory to this case.

Upon consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the petitioner file and serve on the Secretary a memorandum that explains why the petitioner's EAJA application should not be denied on the ground that under *Buckhannon*, *supra*, the petitioner is not a prevailing party. It is further

ORDERED that, not later than 30 days after the date of service of the petitioner's memorandum, the Secretary file and serve on the petitioner a memorandum in response to the petitioner's memorandum.

DATED: June 27, 2001                                        PER CURIAM.