# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-368

W.T. SUMNER, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appellant's Motion for Full Court Decision

(Argued October 3, 2001                    Decided   November 6, 2001  )

*Clayte Binion,* of Fort Worth, Texas, was on the pleadings for the appellant.

*Michele R. Katina*, with whom *Tim S. McClain,* General Counsel; *Ron Garvin*, Assistant General Counsel; *Darryl A. Joe*, Acting Deputy Assistant General Counsel; and *Allyn L. Engelstein*, all of Washington, D.C., were on the pleadings, for the appellee.

*Kenneth M. Carpenter*, of Topeka, Kansas, for the appellant and for the National Organization of Veterans' Advocates as amicus curiae.

Before KRAMER, *Chief Judge*, and FARLEY, HOLDAWAY, IVERS, STEINBERG, and GREENE, *Judges*.

KRAMER, *Chief Judge*: Presently before the Court is the appellant's application for attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA).  For the reasons that follow, the Court will revoke the single-judge order previously issued in this case; will issue this opinion in its stead; and will deny the appellant's EAJA application.

## I.  BACKGROUND

The appellant, through counsel, filed with this Court a timely Notice of Appeal (NOA) from a January 20, 1999, Board of Veterans' Appeals (Board or BVA) decision that had denied his claim for service connection for spinal meningitis.  Subsequent to filing his NOA with the Court, the appellant filed an unopposed motion for a stay of proceedings in his appeal; he notified the Court

that he had filed with the Board a motion for reconsideration (premised upon the discovery of new and material evidence in the form of relevant records or reports of the service department concerned) of the January 1999 BVA decision and requested that the Court stay proceedings in his case until he received notification from the Board Chairman whether the Chairman was inclined to grant reconsideration. In November 1999, the Court ordered, inter alia, that if the Board Chairman was inclined to grant reconsideration of the January 1999 Board decision, the Secretary was to file with the Court a motion for remand. *See Cerullo v. Derwinski*, 1 Vet.App. 195, 200 (1991).

On February 4, 2000, pursuant to the Court's order, the Secretary filed an unopposed motion to remand the January 1999 Board decision pursuant to *Cerullo*, *supra*. In that motion, the Secretary indicated that the BVA had notified the appellant that the BVA Chairman was inclined to grant reconsideration of the January 1999 Board decision and that the Board would take no further action with regard to reconsideration pending this Court's transfer of jurisdiction over the appeal from the Court to the Board. The Secretary thus requested that the Court "remand . . . to allow the BVA to vacate its decision and to readjudicate [the a]ppellant's claim." Motion at 1. Accordingly, the Court, on February 10, 2000, granted the Secretary's unopposed motion for remand pursuant to *Cerullo*, *supra*, and ordered the immediate issuance of mandate.

The appellant, on March 11, 2000, filed his application for an award of attorney fees and expenses under the EAJA, seeking $6,444.66 in fees and expenses. The appellant asserted that he was a prevailing party for purposes of an award of EAJA fees, inter alia, because, by obtaining a remand of his claim, he had achieved success "on the merits." Application (Appl.) at 2. In the alternative, the appellant asserted that he was a prevailing party under the catalyst theory. *Id*. The appellant further asserted that: the position of the Secretary at the administrative level was not substantially justified; there were no special circumstances that would make an award of EAJA fees unjust; and his net worth did not exceed $2,000,000. Appl. at 3-4. The Secretary, on May 15, 2000, filed a response in opposition to the appellant's EAJA application. In that response, the Secretary asserted that the appellant was not a prevailing party under the EAJA because the *Cerullo* remand that was granted in his appeal did not reflect that the appellant had succeeded in "any demonstrable manner on the merits." Response (Resp.) at 5. In addition, the Secretary argued that the appellant had failed to show that his appeal was the catalyst that had prompted the BVA to grant

2

reconsideration and that the appellant thus was not a prevailing party under the catalyst theory. Resp. at 6-7. The Secretary further asserted that his position at the administrative level was substantially justified. Resp. at 9-10. The Secretary requested, therefore, that the Court deny the appellant's EAJA application. Resp. at 10. The appellant subsequently filed a reply to the Secretary's response; he in essence reiterated the assertions that he had made in his EAJA application.

In an August 9, 2000, single-judge order, the Court dismissed the appellant's EAJA application for lack of jurisdiction. In that order, the Court found that the appellant was not a prevailing party for purposes of an award of EAJA fees because, under this Court's decision in *Lematta v. Brown*, 8 Vet.App. 504, 507 (1996), "a *Cerullo* remand for reconsideration by the Board, prior to the Court's review of the record on appeal or the filing of briefs, does not confer prevailing-party status upon an appellant pursuant to a merits theory." *Sumner v. Gober*, U.S. Vet. App. No. 99-368 (ord. Aug. 9, 2000). The Court also stated that, even assuming that the appellant was a prevailing party, the position of the Secretary at both the administrative and the litigation stages was substantially justified. *Id.* at 3.

Subsequent to the Court's August 9, 2000, dismissal of his EAJA application, the appellant filed a timely motion for panel review and for panel referral to the full Court for a decision. In that motion, the appellant argued, inter alia, that, pursuant to *Shalala v. Schaefer*, 509 U.S. 292 (1993), and *Stillwell v. Brown*, 6 Vet.App. 291 (1994), he was a prevailing party because the Court's February 2000 remand of his appeal qualified as success on the merits. Finally, the appellant requested that the en banc Court reconsider and overrule *Lematta* because it was inconsistent with *Schaefer* and *Stillwell*, both *supra*. In a September 29, 2000, order, the Court denied the appellant's motion for a panel decision and denied as premature the appellant's motion for a full Court decision. *See* U.S. VET. APP. R. 35(c) (motion for full Court decision may be filed after panel has denied motion for panel decision or motion for panel reconsideration).

On October 17, 2000, the appellant filed a motion for panel reconsideration or, in the alternative, for a full Court decision. The appellant in essence reiterated the arguments that he had made previously regarding *Lematta* and further stated that *Lematta* was in conflict with this Court's decision in *Swiney v. Gober*, 14 Vet.App. 65, 69 (2000) (stating that "all of the appealed claims were remanded, resolutions which materially changed the 'legal relationship' between the Secretary and

3

the appellant, *Texas State Teachers Ass'n* [*v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989)], from one of claim denial to a continuing adjudicatory process"). The Court, in an April 3, 2001, order, denied the appellant's motion for panel reconsideration. *Sumner v. Principi*, 14 Vet.App. 309, 310 (2001) (en banc order). In its order, the Court stated that the resolution of *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Res.*, 121 S. Ct. 1835 (2001), may affect the disposition of the appellant's EAJA application. The Court ordered, therefore, that the appellant's motion for a full Court decision be held in abeyance pending further order of the Court. *Sumner*, *supra*. The Court further ordered that the appellant, within 30 days after the U.S. Supreme Court's disposition of *Buckhannon*, *supra*, file and serve a legal memorandum addressing the resolution of that proceeding as it pertains to his EAJA application. *Sumner*, *supra*. Finally, the Court ordered that the Secretary file and serve a legal memorandum within 30 days after service of the appellant's legal memorandum. *Id*. The U.S. Supreme Court, on May 29, 2001, issued its opinion in *Buckhannon*, 121 S. Ct. 1835.

The National Organization of Veterans' Advocates (NOVA), on June 27, 2001, filed an unopposed motion for leave to file an amicus curiae brief. On that same date, the Court received NOVA's brief. NOVA asserts that, to attain prevailing-party status, *Buckhannon*, 121 S. Ct. at 1839-40, requires that the appellant receive "at least some relief on the merits" from the Court. Brief (Br.) at 5. NOVA argues that the appellant received "relief on the merits of his claim" because the Court "vacated" the January 20, 1999, BVA decision and remanded the matter to the Board for readjudication. Br. at 6. (The Court notes that, contrary to NOVA's argument, the Court did not vacate the BVA decision, but that circumstance is not relevant under our analysis of prevailing-party status. *See* discussion, *infra*.) NOVA further argues that such a remand effects a "material alteration of the legal relationship of the parties" because, as stated in *Swiney*, the appellant's case has gone from "[claim] denial to a continuing adjudicatory process." Br. at 6-7. Finally, NOVA argues that *Lematta* is inconsistent with *Buckhannon* because *Lematta* requires the appellant to "win the litigation." Br. at 8. NOVA contends, therefore, that the full Court should overrule *Lematta* and reverse the August 9, 2000, single-judge order that dismissed the appellant's EAJA application. *Id.*

On June 28, 2001, the appellant, pursuant to the Court's April 2001 order, filed his legal memorandum. The appellant contends that *Buckhannon* and *Swiney* together establish that the

Court's *Cerullo* remand in the instant case is an enforceable judgment on the merits because, in remanding the matter and requiring readjudication, the Court's order altered the legal relationship between the appellant and the Secretary in that it allowed the appellant to avoid an adverse Court decision and to reassert his claim before the BVA. Appellant's Memorandum (Mem.) at 9-10. The appellant asserts: "It is assumed that the Court reviewed the underlying pleadings and the record and determined there was no legal impediment preventing the Court from granting the Secretary's [unopposed] motion [for] remand." Appellant's Mem. at 11. The appellant contends, therefore, that the Court's remand order addressed the merits of his case and that he thus is a prevailing party for purposes of an award of attorney fees and expenses under the EAJA. *Id.*

The appellant next asserts that all that *Buckhannon* requires to attain prevailing-party status under the success-on-the-merits theory is an enforceable judgment on the merits and that a *Cerullo* remand meets this requirement. Appellant's Mem. at 12. The appellant contends in essence that *Lematta* predicated success on the merits upon the filing of pleadings or other documents after the appellant has filed his NOA with the Court and that, because "success on the merits under *Buckhannon* was not predicated on the filing of pleadings or other documents by the appellant subsequent to the filing of the appeal, *Buckhannon* effectively overrules *Lematta*." Appellant's Mem. at 12-13. In addition, the appellant asserts that the catalyst theory is a moot issue because he prevails under the success-on-the-merits theory. *Id.* Finally, the appellant reiterates his assertion that the Secretary's position was not substantially justified at the administrative level. *Id.* The appellant states that, on May 31, 2001, a VA regional office (RO), subsequent to the BVA's granting reconsideration and remanding his claim to the RO, granted service connection for post-meningitis headaches and assigned a 10% rating, effective April 11, 1995. Appellant's Mem. at 14 (Appendix II). The appellant requests that the Court overrule *Lematta*; find that he is a prevailing party under the EAJA and that the Secretary was not substantially justified at the administrative level; and grant his application for an award of attorney fees and expenses under the EAJA.

On July 27, 2001, pursuant to the Court's April 2001 order, the Secretary filed his legal memorandum. The Secretary initially asserts that *Buckhannon* eliminates the catalyst theory as a viable basis for attaining prevailing-party status. Secretary's Mem. at 4-5. The Secretary then asserts that the Supreme Court's application of the merits theory set forth in *Buckhannon* is not inconsistent

5

with this Court's application of the merits theory in *Lematta*, and that *Buckhannon* thus does not overrule *Lematta*. Secretary's Mem. at 5. The Secretary argues that the appellant's contention that under *Buckhannon* an appellant is a prevailing party for purposes of the EAJA by merely obtaining a Court remand judgment in the underlying case, thus altering the legal relationship of the parties, ignores the key element in *Buckhannon* that there must be a judicial judgment *on the merits*. Secretary's Mem. at 6. The Secretary contends that the *Cerullo* remand that was granted by this Court in the underlying case was purely procedural and did not afford the appellant even "some relief on the merits of his claim." Secretary's Mem. at 6-7. The Secretary asserts that this Court did not make "'some [']substantive determination in [the] appeal, based upon the record, the parties' pleadings, and the Court's['] precedent, that is favorable to the appellant.'" *Id*. (quoting *Swiney*, 14 Vet.App. at 69). The Secretary thus contends that the appellant did not achieve success "as a result of the Court's consideration of the merits of his arguments" and, therefore, is not a prevailing party under the merits theory for purposes of the EAJA. *Id*. at 7.

Oral argument before the en banc Court was held in the instant case on October 3, 2001. By holding that oral argument, the Court in essence granted the appellant's motion for a full Court decision and also granted NOVA's motion to appear as amicus curiae. NOVA's brief will be filed as of the date that it was received.

## II. ANALYSIS

This Court may award reasonable attorney fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(F). In order for the Court to have jurisdiction over an EAJA application it must be filed within the 30-day period set forth in 28 U.S.C. § 2412(d)(1)(B). In order for the appellant to be eligible for an EAJA award, his application must contain: (1) a showing that the applicant is a prevailing party within the meaning of the EAJA; (2) an assertion that the applicant is a party eligible for an award under the EAJA because his or her net worth does not exceed $2,000,000 dollars; (3) an allegation that the position of the Secretary at the administrative level or in litigation was not substantially justified; and (4) an itemized statement of the fees and expenses sought. *See* 28 U.S.C. § 2412(d); *Cullens v. Gober*, 14 Vet.App. 234, 237 (2001) (en banc); *Chesser v. West*, 11 Vet.App. 497, 499 (1998); *Bazalo v. Brown*, 9 Vet.App. 304, 308 (1996) (en banc), *rev'd on other grounds*

*sub nom*. *Bazalo v. West*, 150 F.3d 1380, 1384 (Fed. Cir. 1998). The pivotal issue in the instant case is whether the appellant has shown that he is a prevailing party for purposes of an award of attorney fees and expenses under the EAJA.

To the extent that the appellant still may be asserting prevailing-party status based upon the argument that his appeal of the January 1999 Board decision to this Court served as the catalyst for the BVA Chairman's decision to grant reconsideration of his claim, as a result of *Buckhannon* that issue has been eliminated from the instant case. *See Thayer v. Principi*, __ Vet.App. __, __, 2001 WL 1002743 at *7, No. 98-1782 (Sept. 4, 2001) (concluding that *Buckhannon* prevailing-party definition should be applied to EAJA and that catalyst theory is not available to achieve prevailing-party status in this Court). Although the holding of *Buckhannon* involved only the elimination of the catalyst theory as a basis for achieving prevailing-party status, the language that the Supreme Court used in restating its precedents with respect to the definition of prevailing party prompts this Court now to reexamine our jurisprudence with regard to attaining prevailing-party status pursuant to the success-on-the-merits theory under the EAJA and to clarify our caselaw.

In *Buckhannon*, the Supreme Court initially noted the definition of "prevailing party" in fee-shifting statutes as being one "'in whose favor a judgment is rendered, regardless of the amount of damages awarded.'" *Buckhannon*, 121 S. Ct. at 1839 (quoting BLACK'S LAW DICTIONARY 1145 (7th ed. 1999)). The Supreme Court then stated that the view that a prevailing party is "one who has been awarded some relief by the court can be distilled from our prior cases." *Id*. In discussing such prior cases, the Supreme Court reiterated that, in order to attain prevailing-party status, a party is required to "'receive at least some relief on the merits of his claim.'" *Id*. at 1840 (quoting *Hewitt v. Helms*, 482 U.S. 755, 760 (1987) (holding that plaintiff was not prevailing party simply by virtue of court of appeals favorable statement of law because such statement, which amounted at most to interlocutory ruling that complaint should not have been dismissed for failure to state constitutional claim but which afforded plaintiff no relief on merits of that claim, was "not the stuff of which legal victories are made")). The Supreme Court found that, when taken together, its prior decisions established that "enforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Id*. at 1840 (quoting *Texas State Teachers Ass'n*, 489 U.S. at 792 (holding that unions were

7

prevailing parties because they obtained judgment finding that school-district policy prohibiting teachers from communicating with each other regarding union activities violated teachers' First Amendment rights)); *see also Farrar v. Hobby*, 506 U.S. 103, 109-12 (1992) (Supreme Court held that plaintiff who had been awarded even nominal damages obtained enforceable judgment that reflected relief on merits of claim and thus made him prevailing party for fee purposes); *Maher v. Gagne*, 448 U.S. 122, 125 (1980) (Supreme Court affirmed lower court judgment that Aid to Families with Dependent Children (AFDC) plaintiff was prevailing party where she had sought, inter alia, and obtained consent decree awarding substantial increase in standard allowance for work-related expenses and right to prove actual work-related expenses exceeded standard allowance). The Supreme Court stressed that the "merit[s]" requirement contained in its prior cases was not to be abrogated because "'only when a party has prevailed on the merits of at least some of his claims . . . has there been a determination of the 'substantial rights of the parties'.'" *Buckhannon*, 121 S. Ct. at 1841-42 (quoting *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980) (per curiam) (holding that plaintiffs were not prevailing parties because reversal of directed verdict against plaintiffs did not involve any finding on merits of their underlying claims)).

The Court's seminal decision on prevailing-party status is *Stillwell*, *supra*. In the appeal underlying *Stillwell*, this Court granted the parties' joint motion for remand pursuant to *Gregory v. Brown*, 5 Vet.App. 108 (1993) (remand ordered for Board to correct error made in applying regulation, subsequently found to be unlawful, regarding surviving-spouse status; Court also ordered BVA to make specific factual findings in course of readjudication). In rendering a decision on the appellant's EAJA application in *Stillwell*, the Court, relying upon *Schaefer*, *supra*, held that the appellant was a prevailing party because she had obtained just such a remand, i.e., a remand predicated upon the BVA's application of an invalid regulation, even though the Court had not yet declared (in *Gregory*, *supra*) that invalidity at the time that the Board had rendered its decision on her claim. *Stillwell*, 6 Vet.App. at 300-01. The Court further held, however, that the Secretary was substantially justified because his misinterpretation of the regulation at issue was "no more than a reasonable mistake" and thus denied the appellant's EAJA application. *Id.* at 301-03. In the course of reaching its decision in *Stillwell*, the Court stated that *Schaefer* directed that "a remand alone" conferred prevailing-party status upon an appellant because a remand represented "'succe[ss] on any

8

significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit.'" *Stillwell*, 6 Vet.App. at 299-300 (quoting *Schaefer*, 509 U.S. at 302).

In the underlying case in *Schaefer*, the plaintiff had been denied Social Security disability benefits at the administrative level and subsequently had sought judicial review of that denial. *See Schaefer*, 509 U.S. at 294. In the course of that judicial review, a district court, holding that, in adjudicating the plaintiff's claim at the administrative level, the Secretary of Health and Human Services (HHS) had committed three errors that the Secretary had to correct, reversed the negative administrative decision and remanded the plaintiff's claim for disability benefits for correction of those errors. *Id*. Thereafter, when rendering a decision on the plaintiff's EAJA application in *Schaefer*, the Supreme Court held that the plaintiff was a prevailing party for EAJA purposes based upon this underlying result. *Id*. at 301-02. Relying primarily upon the district court's recognition of administrative errors, the entry of judgment, and the sequential obligation of the Secretary of HHS to correct such errors, the Supreme Court held that the plaintiff was a prevailing party for EAJA purposes because he "certainly [met the] description [of a prevailing party as one who] 'has succeeded on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit.'" *Id*. (quoting *Texas State Teachers Ass'n*, 489 U.S. at 791-92).

The Court notes in particular that the remands in both *Schaefer* and *Stillwell* were predicated upon administrative error. Although the Court recognizes the breadth of the language in *Stillwell*, *supra*, which, in and of itself, could be read to mean that prevailing-party status is achieved any time that this Court remands an appellant's underlying appeal, that language must be read in the context of why the remands were ordered in both *Schaefer* and *Stillwell*.

In *Lematta*, which the appellant and NOVA urge this Court to find inconsistent with *Buckhannon* and thus overrule, the Court addressed for the first time whether a remand pursuant to *Cerullo* automatically makes an appellant a prevailing party under the EAJA. The Court initially stated that "this Court has generally held that the prevailing[-]party requirement of the EAJA is satisfied when a remand is ordered." *Lematta*, 8 Vet.App. at 507 (citing *Stillwell*, *supra*). In the context of applying the success-on-the-merits theory for attaining prevailing-party status, the Court posited that, at its most fundamental level, that theory would allow an appellant to qualify as a prevailing party if the appellant "'w[on] the litigation.'" *Id*. at 508 (quoting *Exeter-West Greenwich*

9

*Reg'l Sch. Dist. v. Pontarelli*, 788 F.2d 47, 50 (1st Cir. 1986)). The Court stated, however, that, pursuant to *Stillwell*, an "outright victory" is not always necessary and that it is sufficient for the Court to make some "'substantive determination in [the] appeal, based upon the record, the parties' pleadings, and the Court's' precedent, that is favorable to the appellant." *Id*. (quoting *Stillwell*, 6 Vet.App. at 301). The Court found the rule quoted in *Stillwell* to be consistent with the Supreme Court's holding in *Schaefer* that a party to a lawsuit attains prevailing-party status "'[i]f the plaintiff has succeeded on any significant issue in litigation which achieved some of the benefit . . . sought in bringing the suit.'" *Id*. (quoting *Schaefer*, 509 U.S. at 302). Applying these guidelines, the Court in *Lematta* held that, because its *Cerullo* remand order was issued before it had considered the merits of the appellant's case, it had not made any substantive determinations with regard to the appellant's appeal and that thus the appellant had failed to demonstrate that he was a prevailing party under the merits theory for purposes of the EAJA. *Id*. at 509.

*Lematta* also must be construed in the context in which it occurred. In the appeal underlying *Lematta*, the Court, unlike the district court in *Schaefer* and this Court in *Stillwell*, did not order a remand predicated upon error in the administrative adjudication process. Rather, in that underlying appeal in *Lematta*, the Court had based its remand of the appellant's claim solely upon the Secretary's remand motion, which requested that the Court return jurisdiction to the Board but which did not acknowledge any administrative error. *Lematta*'s reference to the filing of a record on appeal or any pleadings by the parties was simply a case-specific reference to demonstrate that the Court had made no remand based upon administrative error. Thus, given this context, the *Lematta* holding is not inconsistent with either the *Schaefer* or *Stillwell* holdings.

The appellant similarly argues that *Lematta* is inconsistent with *Swiney*, *supra*. In the underlying appeal in *Swiney*, the Court reversed a Board decision as to one claim; vacated a Board decision as two other claims on the grounds that the Board "had failed to apply and had incorrectly applied, respectively, pertinent regulations"; and remanded the three matters for readjudication. *Swiney*, 14 Vet.App. at 68. In the course of rendering a decision on the appellant's EAJA application in *Swiney*, the Court stated that prevailing-party status is generally attained when an appellant obtains a remand of his claim because the remand "'represents succe[ss] on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit.'" *Id*. at 69 (quoting *Stillwell* and

10

noting that *Stillwell* cited *Schaefer*). The Court further stated that "'[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute.'" *Id*. (emphasis in *Swiney* omitted) (quoting *Texas State Teachers Ass'n*, *supra*). In finding that the appellant in *Swiney* was a prevailing party for EAJA purposes, the Court posited, inter alia, that the remands in the underlying case were "resolutions which materially changed the 'legal relationship' between the Secretary and the appellant, *Texas State Teachers Ass'n*, *supra*, from one of claim denial to a continuing adjudicatory process." *Swiney*, 14 Vet.App. at 69. *Swiney* also must be construed within its context, i.e., a Court remand predicated upon administrative error. It is a remand such as that ordered in *Swiney* and in *Schaefer*, as well as the other resolutions in the Supreme Court cases cited above, that result in a material alteration of the legal relationship of the parties. Thus, contrary to the appellant's argument, *Lematta* and *Swiney* are not inconsistent because in *Lematta*, unlike in *Swiney*, there was not a remand predicated upon administrative error.

The Court notes that in *Buckhannon*, *supra*, where prevailing-party status was not found, there was no underlying court determination of any error. Further, an analysis of the cases cited in *Buckhannon* is instructive. Applying the standard summarized in *Buckhannon* ("some relief on the merits"), 121 S. Ct. at 1840-42, prevailing-party status was found by the Supreme Court in the following situations: where the plaintiff had obtained an enforceable judgment for damages, *Farrar*, *supra*; a judgment, based upon a court finding of a constitutional violation, that altered a school-district prohibition on teacher communication regarding union activities, *Texas State Teachers Ass'n*, *supra*; and a consent decree that provided an AFDC recipient with a substantial increase in the standard allowance for work-related expenses and a right to prove that actual work-related expenses exceeded the standard allowance, *Maher*, *supra*. Conversely, prevailing-party status was not found, under the test reiterated in *Buckhannon*, where the plaintiff merely obtained a favorable statement of law, *Hewitt*, *supra*, or a reversal of a directed verdict against him, *Hanrahan*, *supra*.

This analysis reveals that those Supreme Court cases awarding prevailing-party status either require the ultimate receipt of a benefit that was sought in bringing the litigation, i.e., the award of a benefit, or, at a minimum, a court remand predicated upon administrative error. *See Buckhannon* and *Schaefer*, both *supra*. Both of these alternatives entail resolutions that materially alter the legal

11

relationship of the parties. *See Texas State Teachers Ass'n* and *Swiney*, both *supra*. Thus, a remand does not constitute "some relief on the merits" unless that remand is predicated upon administrative error. *Buckhannon*, 121 S. Ct. at 1840. *Stillwell*, *Lematta*, and *Swiney*, all *supra*, comport with this construct. To the extent that any Court precedent could be construed as in conflict with our holding today, we disavow that precedent.

That standard has not been met in the instant case. The appellant's claim was remanded as requested in the Secretary's unopposed motion for remand. Because nowhere in his motion did the Secretary acknowledge error, and because, alternatively, in remanding the matter, the Court did not recognize administrative error, the remand was not predicated upon administrative error. The appellant thus is not a prevailing party. Accordingly, the Court denies the appellant's EAJA application.

### III. CONCLUSION

Upon consideration of the foregoing analysis, the August 9, 2000, single-judge order is revoked; this opinion is issued in its stead; and the appellant's EAJA application is denied. It is so ordered.