GREENE, Judge,
concurring:
I concur in the holding of the majority opinion and write separately only to note that I would have reached that conclusion by a more direct route.
Two cases are dispositive of this matter: Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), and Sumner v. Principi, 15 Vet.App. 256, 264 (2001) (en banc). In Buckhannon, the Supreme Court eliminated the catalyst theory as a basis for achieving prevailing party status, and in doing so, revisited its prevailing party jurisprudence. Buckhannon, 532 U.S. at 600-10, 121 S.Ct. 1835. Following Buckhannon, this Court decided Sumner, in part to “reexamine our jurisprudence with regard to attaining prevailing-party status pursuant to the suceess-on-the-merits theory under the EAJA and to clarify our caselaw.” Sumner, 15 Vet.App. at 261. In the underlying appeal in Sumner, the Court had granted the Secretary’s unopposed motion to remand the matter, based on the Board Chairman’s inclination to grant reconsideration. Id. at 257. The Sumner Court reviewed the EAJA statute and numerous cases interpreting it, and stated: “Supreme Court cases awarding prevailing-party status either require the ultimate receipt of the benefit that was sought in bringing the litigation, i.e., the award of a benefit, or, at a minimum, a court remand predicated upon administrative error.” Id. at 264. The Court went on to state, with regard to the facts of that particular case, “Because nowhere in his motion did the Secretary acknowledge error, and because, alternatively, in remanding the matter, the Court did not recognize administrative error, the remand was not predicated upon administrative error.” Id. at 265.
Stated another way, Sumner holds that in order to qualify as a prevailing party for EAJA, a party must receive either (A) the award of a benefit sought, or (B) a court remand predicated upon administrative error. Defining what would constitute a (B)type remand, the Court included situations where there was a motion by the Secretary acknowledging error ((B)(1)), or a Court remand recognizing administrative error ((B)(2)). Both (B)(1) and (B)(2) must be the equivalent of a(B)-type “court remand predicated upon administrative error,” since neither (B)(1) nor (B)(2) is an (A)type “award of the benefit sought.” Therefore, only an acknowledgment of error by the Secretary that is accepted by the Court would constitute a “court remand predicated upon administrative error” that may confer prevailing-party status to a litigant. To hold otherwise, and to permit any concession of error by the Secretary to confer prevailing-party status upon an appellant, whether the Court accepts such concession or not, would remove the necessary judicial imprimatur required by Buckhannon. See Buckhannon, 532 U.S. at 605, 121 S.Ct. 1835 (“A defendant’s voluntary change in conduct, although perhaps accomplishing what the *277 plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change.”)- Although I would confess that the language “and because, alternatively” of Sumner is inartful, I cannot accept the dissent’s conclusion that the plain language of Sumner somehow eliminates Buckhannon’s judicial imprimatur requirement.
In Vaughn v. Principi, the Court held that the appellant was precluded from achieving prevailing-party status, “based on obtaining a remand solely for readjudi-cation in light of the enactment of the VCAA.” 15 Vet.App. 277, 280 (2001). Here, the Court’s one dispositive order specifically grants the Secretary’s unopposed motion to remand in light of the enactment of the VCAA. There is no “court remand predicated upon administrative error,” so as to confer prevailing-party status upon the 'appellant. Although Mr. Briddell may be frustrated with this resolution, in light of the fact that his counsel worked diligently for a remand for reasons other than the VCAA, and because the Secretary conceded error in his brief to the Court, this matter must be decided not on emotion but on the basis of the law.