FARLEY, Judge,
dissenting:
As a single judge, I originally found that the appellant was not a prevailing party and denied his application for fees under EAJA. The appellant filed a timely motion for panel decision pursuant to Rule 35 of the Court’s Rules of Practice and Procedure. In his motion, the appellant argued as follows:
In Sumner v. Principi, 15 Vet.App. 256, 264 (2001) [ (en banc) ], this Court held that “a remand does not constitute ‘some relief on the merits’ unless that remand is predicated upon administrative error,” and found that “[bjecause nowhere in his motion did the Secretary acknowledge error, and because, alternatively, in remanding the matter, the Court did not recognize administrative error, the remand was not predicated upon administrative error.” From this language, it is apparent that a remand is predicated upon administrative error in two scenarios: either the Secretary acknowledges, error in his pleadings or the Court finds error. Appellant asserts that in the instant case, he is a prevailing party because the Secretary acknowledged administrative error in his pleadings.
Mot. for Panel Decision at 2. What was apparent to the appellant belatedly became apparent to me.
In its December 21, 2000, order, the Court took specific note of the fact that “[t]he parties agree that the shoulder claim should be remanded. The appellant argues that the remaining claims should also be remanded .... ” Due to the then-newly enacted VCAA, the Court directed the Secretary to show cause why “the Board decision should not be vacated in its entirety and the matters remanded.” Nothing in the December 2000 order vitiated the Secretary’s concession and the agreement of the parties with regard to the shoulder claim.
Similarly, in the February 21, 2001, order that granted the Secretary’s ensuing motion to vacate the Board’s decision as to all claims, the Court again noted that the Secretary had conceded error and agreed to a remand of the shoulder claim:
The appellant filed a brief on March 27, 2000, stating that the parties had agreed to a remand of the shoulder claim and arguing for a remand of the back and knee claims. On September 28, 2000, the Secretary filed a motion in lieu of a brief urging the Court to remand the shoulder claim but to affirm *278 the Board’s decision in all other respects.
Remand Order at *1.
Under the circumstances presented by this ease, where the Secretary had indeed acknowledged error and agreed to a remand of the appellant’s shoulder claim, the appellant is correct that the plain language of Sumner compels the conclusion that the appellant was a prevailing party with regard to that claim. Finding that all other elements of an EAJA claim were satisfied, I would grant the application and award attorney fees commensurate with the efforts expended on that claim.
In order to deny the application, the majority interprets — actually, rewrites— Sumner to hold that “the appellant could be said to be a prevailing party under Sumner only if the Court’s February 2001 order can fairly be read as having granted, in whole or in part, the Secretary’s September 2000 motion confessing error as to the shoulder claim.” Ante, at 273. The majority’s labored and unwarranted attempt to complicate the simplicity of the holding of Sumner is unpersuasive and I cannot join in its “only if’ conclusion; nor can I support Judge Greene’s mere dismissal of Chief Judge Kramer’s language for the en banc Court in Sumner as “inartful.” Ante, at 277. I do not believe that the Court could or should disregard the concession of error by the Secretary and the agreement of the parties in the record of this case and therefore I respectfully dissent.