**Mary LYNOM, Plaintiff,**

v.

**Sheila WIDNALL, et al., Defendants.**

**No. CIV.A. 95–233(EGS).**

United States District Court,
District of Columbia.

Sept. 25, 2002.

James R. Klimaski, Lynn Ilene Miller, Washington, DC.

Bruce R. Hegyi, Michael Thomas Ambrosino, Jane M. Lyons, U.S. Atty's Office, Washington, DC.

### MEMORANDUM OPINION AND ORDER

SULLIVAN, District Judge.

Pending before the Court is Lieutenant Colonel Mary Lynom's renewed application for attorney's fees and costs. Lieutenant Colonel Lynom filed a lawsuit in this Court on February 3, 1995.

Plaintiff seeks attorney's fees and costs in the amount of $ 174,664.73. For the following reasons, this Court grants plaintiff an award of fees and costs in the amount of $ 105,378.78.

## I. Procedural History

On February 16, 1993, the Air Force Board for the Correction of Military Records ("Board") granted plaintiff's request for reinstatement with back pay and allowances, but denied plaintiff's request for

retroactive promotion to Lieutenant Colonel. Plaintiff was subsequently promoted to the Reserve grade of Lieutenant Colonel through the normal promotion system with a date of rank in 1997.

Plaintiff filed this lawsuit in February 3, 1995. The complaint alleged that, beginning in 1981, plaintiff's supervisors at the Air National Guard of the U.S. Air Force subjected her to a pattern of sexual harassment. Plaintiff asserted that the Board's decision to deny the full relief that she requested was arbitrary and capricious and in violation of the APA. Plaintiff also brought constitutional tort claims against several officers.

On September 6, 1998, this Court dismissed plaintiff's *Bivens* claims against the individual officers.[1] However, the Court held that the Board's initial decision to award plaintiff less than all of the relief that she requested in her petition was arbitrary and capricious, in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. *See* Mem. Op. & Order, Civ. Action No. 95–233(EGS), Slip Op. at 7 (Sept. 17, 1998). The Court remanded plaintiff's case to the Board "to reconsider its decision denying plaintiff the full relief that she requested." *Id.* The Court instructed that:

[i]f the Board again denies the full relief . . . [it] must carefully explain such a decision in light of the overwhelming evidence in the administrative record of plaintiff's outstanding duty performance.

*Id.*

On November 2, 1999, the Board issued an Addendum to Record of Proceedings recommending that plaintiff's military records "be corrected to show that she was promoted to the Reserve grade of Lieutenant Colonel with a promotion date of April 16, 1989." Admin. Record, vol. II at 3–

9. The effect of this award was to make plaintiff's promotion effective eight years earlier, with corollary back pay and other allowances totaling approximately $ 46,000.

Following the Board's decision on remand, plaintiff moved the Court for a second remand. On March 21, 2000, the Court denied plaintiff's motion, and this case was dismissed on January 5, 2001.

## II. Analysis

Plaintiff seeks attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), which in relevant part provides:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

*Id.* The Court finds that plaintiff is a prevailing party for purposes of the EAJA, and that defendant's position in opposing plaintiff's claim that the Board's consideration of her petition violated the APA was not substantially justified. Accordingly, plaintiff is entitled to attorney's fees and costs pursuant to the EAJA.

### A. Prevailing Party

 Defendant argues that Lieutenant Colonel Lynom is not entitled to an award of attorney's fees and costs because she is not a prevailing party. While plaintiff's application for fees and costs was pend-

---

1. The D.C. Circuit upheld this Court's dismissal of plaintiff's *Bivens* claims. *See Lynom v. Widnall,* No. 99–5399, 2000 WL 1693672 (D.C.Cir. Oct.25, 2000).

**4**

ing, the Supreme Court issued its opinion in *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Defendant, in a notice of supplemental authority, contends that *Buckhannon* mandates a finding that plaintiff is not a prevailing party because her relief was not awarded by the Court.

In *Buckhannon*, the Supreme Court rejected the "catalyst theory" of a prevailing party. 532 U.S. at 610, 121 S.Ct. 1835. The Court explained that " '[r]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail.' " 532 U.S. at 603, 121 S.Ct. 1835 (quoting *Hewitt v. Helms*, 482 U.S. 755, 760, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987)); *see also id.* at 618, 121 S.Ct. 1835 (Scalia, J., concurring) ("in the case of court-approved settlements and consent decrees, even if there has been no judicial determination of their merits, the outcome is at least the product of, and bears the sanction of, judicial action *in the lawsuit*) (emphasis in the original). The Court noted that it had previously held that a consent decree may be sufficient to find that a party has prevailed because, while the decree may not include an admission of liability by a defendant, it results in a "court-ordered 'change[ ][in] the legal relationship between [the plaintiff] and the defendant.' " *Id.* at 604, 121 S.Ct. 1835 (quoting *Texas State Teachers Ass'n v. Garland Independent Sch. Dist.*, 489 U.S. 782, 792, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)). The Court reasoned that the presence of a " 'material alternation of the legal relationship of the parties' " was "necessary to permit an award of attorney's fees." *Id.* Thus, "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *impri-*

*matur* on the change." *Id.* at 605, 121 S.Ct. 1835.

■ A plaintiff must obtain some "judicial relief" before that plaintiff may be considered a prevailing party. *Buckhannon*, 532 U.S. at 606, 121 S.Ct. 1835. The defendant suggests that plaintiff obtained no relief from this Court, and that her only relief was granted by the Board. Yet, plaintiff clearly secured a judgment from this Court on her APA claim. The Court provided plaintiff with "some relief on the merits" by remanding her case to the Board. This Court's actions undeniably resulted in a change in the legal relationship of the parties. The Court ordered the Board to reconsider its decision on plaintiff's claim. Furthermore, the Court required the Board to make certain findings in the event that it once again did not provide plaintiff with the full relief that she sought.

Plaintiff draws the Court's attention to *Cycholl v. Principi*, 15 Vet.App. 355 (2002). In *Cycholl*, the Court of Appeals for Veterans Claims applied precedent of that court, which holds that "a remand does not constitute 'some relief on the merits' unless that remand is predicated upon administrative error." *Id.* at 357 (quoting *Sumner v. Principi*, 15 Vet.App. 256, 265 (2001) (en banc)). In *Sumner v. Principi*, the court held that, because neither the Secretary nor the court had acknowledged the existence of an administrative error, an award of attorney's fees under the EAJA was not appropriate. 15 Vet.App. at 265. Both *Chycholl* and *Sumner*, in finding that a remand based on administrative error would be sufficient to qualify a plaintiff as a prevailing party, recognized *Buckhannon's* holding that a prevailing party must have obtained some form of "judicially sanctioned change" in the parties' legal relationship. *See Cycholl*, 15 Vet.App. at 357 (citing *Buckhan-*

*non* ); *Sumner*, 15 Vet.App. at 260–61 (same).

■ The Court is persuaded that the "administrative error" test applied by the Court of Appeals for Veterans Claims correctly reflects the teachings of *Buckhannon* in the context of judicial review of administrative proceedings. In a civil action brought pursuant to the APA, remand to the administrative agency is commonly the only available or appropriate remedy. *See, e.g., Tourus Records, Inc. v. Drug Enforcement Admin.*, 259 F.3d 731, 738 (D.C.Cir.2001) ("When an agency provides a statement of reasons insufficient to permit a court to discern its rationale, or states no reasons at all, the usual remedy is a 'remand to the agency for additional investigation or explanation.' ") (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985)).

Here, the remand to the Board was clearly due to what this Court found to be an administrative error. In light of the administrative record presented by the Board, the Court simply could not uphold the Board's decision. The record failed to provide this Court with evidence that would support the Board's decision to deny plaintiff full relief. *See Sumner*, 15 Vet. App. at 262 (describing remand in *Gregory v. Brown*, 5 Vet.App. 108 (1993), as remand for administrative error where Board ordered to make specific factual findings in course of readjudication). This Court's remand was clearly based on its finding that the Board had erred in its consideration of plaintiff's petition. Further, the remand principally changed the legal relationship of the parties to this litigation.

■ Finally, the Court rejects defendant's suggestion that plaintiff is not a prevailing party because her *Bivens* claims were dismissed. Defendant's argument is set forth in a lengthy footnote. *See* Opp'n

at 5 n. 4. Defendant cites *McDonald v. Washington* for the proposition that courts must treat "a case as an inclusive whole, rather than as atomized line items." 15 F.3d 1126, 1130 (D.C.Cir.1994). Defendant notes that plaintiff claimed $ 150,000 in damages from each of the eleven individual defendants, against whom she asserted constitutional tort claims, whereas she only received approximately $ 46,000 as a result of the Court's remand to the Board. Thus, defendant argues, plaintiff is not a prevailing party when the relief she obtained is compared to that which she was denied.

Yet, in *Jacobs v. Schiffer*, the D.C. Circuit repudiated the "holistic" approach. 204 F.3d 259 (D.C.Cir.2000). In *Jacobs*, the plaintiff's complaint included three counts, but plaintiff prevailed on only one of the three claims. *Id.* at 261–62. The court dismissed plaintiff's other two claims. *Id.* at 262. The district court denied plaintiff's request for attorney's fees, applying the "holistic" approach. *Id.* at 263. Noting that it was undisputed that plaintiff had prevailed on one of his claims, the Circuit held that "the district court's task with respect to the EAJA inquiry was to determine whether the government's position with respect to the issue on which the party prevailed was substantially justified." *Id.* at 263. Accordingly, Lieutenant Colonel Lynom's success on her APA claim is sufficient to qualify her as a prevailing party. The Court's only remaining concern is to assess whether the government's position on plaintiff's APA claim was substantially justified.

## B. The Government's Position was Not Substantially Justified

■ Defendant argues that the government's position at the administrative level and in this Court were substantially justified and that, consequently, an award

of attorney's fees is inappropriate. The government's conduct is "substantially justified" where it is " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *see also* S.Rep. No. 96–253 at 6 ("the test of whether or not a government action is substantially justified is essentially one of reasonableness").

Here, the Court found that defendant's conduct was arbitrary and capricious. This, on its own, does not mandate a finding that the defendant's position was not substantially justified. *See F.J. Vollmer Co. v. Magaw,* 102 F.3d 591, 595 (D.C.Cir. 1996) ("whether agency action invalidated as arbitrary and capricious might nevertheless have been substantially justified depends on what the court meant by 'arbitrary and capricious' "). In *F.J. Vollmer Co. v. Magaw,* the D.C. Circuit suggested that a remand to an agency because it had failed to fully explain its reasoning might not support a finding that the government's position was not substantially justified. *Id.* at 595. Yet, a court's finding that the agency had "den[ied] equal treatment to similarly situated parties," or that the agency had failed to enforce a rule where it clearly applied, would be likely to result in a conclusion that the government's position was not substantially justified. *Id.*

The Court's holding that the Board's conduct was arbitrary and capricious was based on its finding that the Board's report was not supported by the evidence before it. Indeed, the Court noted that the record contained numerous documents that directly contradicted the Board's conclusions. Thus, the Board's conclusions and decision were objectively unreasonable. Accordingly, the Court finds that the Board's position, both at the administrative level and in proceedings before this Court, was not substantially justified, entitling plaintiff to attorney's fees and costs under the EAJA.

## C. Calculation of Attorney's Fees

### 1. Military Law as a Specialty

■ Plaintiff is not entitled to have her counsel paid at rates in excess of those provided by the EAJA. Plaintiff argues that her attorney is entitled to higher fees because the practice of military administrative law requires specialized expertise. The D.C. Circuit has noted that Congress could hardly have intended that "all lawyers practicing administrative law in technical fields ... be entitled to fee enhancements" simply because they develop expertise in a particular area through their experience in the field. *Magaw,* 102 F.3d at 598–99; *see also In re Sealed Case 00–5116,* 254 F.3d 233, 236 (D.C.Cir.2001) (attorneys' experience in field of law and familiarity with issues was insufficient to justify award of fees in excess of EAJA rates). Here, plaintiff identifies *nothing* that would suggest that military administrative law is a specialty field that would warrant the imposition of heightened fees. Indeed, the article upon which she relies suggests that some areas of military law will be familiar to the average practitioner. *See* Pl.'s Reply, Ex. 1 at 45 (Eugene R. Fidell & David P. Sheldon, *Military Law Cases Present Diverse Array of Vital Issues for Individuals and the Government,* New York State Bar Journal, Feb. 2001) ("Some practice issues will be entirely recognizable to the civilian practitioner, but others will not.").

Plaintiff states her attorneys had knowledge of the rules and regulations of the National Guard Bureau and the Air Force. However, she gives only one example that would suggest that her attorney's knowledge of military law was necessary to their representation of her. *See* Reply at 8–9

(arguing that Mr. Klimaski's knowledge of standard procedures for selection of a Corrections Board permitted him to recognize the "unusual" self-appointment of Colonel Braswell to plaintiff's case). Plaintiff's counsel's extensive experience in military law is simply insufficient to warrant enhanced fees. *See Magaw*, 102 F.3d at 598 ("If expertise acquired through practice justified higher reimbursement rates, then all lawyers practicing administrative law in technical fields would be entitled to fee enhancements."). Plaintiff has failed to adequately explain why the legal issues of her case presented questions of law that require special knowledge or expertise. Accordingly, the Court finds that plaintiff's attorney is entitled to those fees permitted under the EAJA.

■ Defendant's opposition brief presents revised calculations of plaintiff's attorney's fees based on the EAJA rates. *See* Def.'s Opp'n, Ex. 1. The Court notes that defendant's calculations are based on the EAJA rates with cost of living adjustments that are set forth in plaintiff's application for fees. *See* Pl.'s Application, Attach. C to Klimaski Affidavit. Accordingly, the Court treats the calculations of these cost of living adjustments as conceded. The total fee award, when modified to reflect the EAJA rates for the work of all of plaintiff's attorneys, is $ 102,611.53.

## 2. Defendant's Other Objections to Plaintiff's Request for Fees are Unavailing

■ The EAJA provides that prevailing parties are entitled to a "reasonable attorney's fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff bears the burden of establishing the reasonableness of each element of her fee request. *American Petroleum*, 72 F.3d at 912. Defendant suggests that plaintiff's descriptions of the work done are insufficiently detailed. Where billing statements contain "broad summaries of the work done and the hours logged on a daily, rather than per task, basis," they are insufficient to justify an award of fees. *American Petroleum Inst. v. EPA*, 72 F.3d 907, 915 (D.C.Cir.1996). Defendant also argues that plaintiff's fee application contains excessive, redundant and unnecessary charges.

The Court is not convinced by defendant's arguments. Plaintiff has provided adequate evidence supporting her attorney's bills. Similarly, the Court is not persuaded that the plaintiff's attorney's work was excessive, unorganized or unproductive. *See Environmental Defense Fund, Inc. v. Reilly*, 1 F.3d 1254, 1258 (D.C.Cir.1993).

## D. Costs

■ Plaintiff requests $ 2,767.25 for costs that she claims are covered by EAJA. Defendant does not object to this amount. *See* Def.'s Opp'n at 20. Plaintiff also seeks "other costs and expenses." However, she concedes that these other costs are not compensable under the EAJA, and the Court will not award these costs. Plaintiff is entitled to $ 2,767.25 in costs.

## CONCLUSION

The Court grants plaintiff's renewed application for fees and costs because she received a judgment from this Court that afforded her relief on the merits of her claim and because the government's position on her claim was not substantially justified. Plaintiff is not, however, entitled to have her attorneys compensated at rates in excess of those provided by the EAJA. Accordingly, upon careful consideration of the plaintiff's application for attorney's fees and costs, the response and reply thereto, and the applicable statutory and case law, it is hereby

ORDERED that plaintiff's renewed application for attorney's fees and costs [152-1] is GRANTED; and it is

FURTHER ORDERED that defendant shall remit to plaintiff payment of attorney's fees and costs in the amount of $ 105,378.78 by no later than October 18, 2002.

IT IS SO ORDERED.