KASOLD, Judge,
dissenting:
This case involves an application for attorney fees under the EAJA that was denied because the Court found that the underlying vacatur of the Board decision and remand of the matter was not predicated on error. This resulted in a finding in the case now before us that the veteran lacked prevailing-party status for EAJA purposes. See Sumner v. Principi, 15 Vet.App. 256, 260-61 (2001) (en banc), aff'd sub nom. Vaughn v. Principi, 336 F.3d 1351 (Fed.Cir.2003).
Under the statutory scheme in chapter 72 of title 38, U.S.Code, this Court can vacate a Board decision and remand a matter only if, pursuant to section 7261(a), the Court finds error below or finds that the decision is not in accordance with law. The underlying order in this ease that vacated the Board decision so that the Board could consider a regulation not previously considered was, and indeed must' have been,[1] predicated on error. Specifically, the remand and vacatur order was issued so that a regulation addressing the processing of bad debts that had not been previously considered by the Board could be reviewed for its applicability to a request for waiver of a debt.
There should be little doubt that it is error for the Secretary to fail to consider a regulation potentially applicable to a veteran’s claim. See Schafrath v. Derwinski, 1 Vet.App. 589, 593 (1991) (holding that it is arbitrary and capricious for the Board not to acknowledge a regulation that “is made potentially applicable through the assertions and issues raised in the record” (emphasis added)). Indeed, “[the] Board is required to consider- a ... claim ... under all applicable provisions of law and regulation whether or not the claimant specifically raises the applicable provision,” Beaty v. Brown, 6 Vet.App. 532, 536 (1994), and “may not ignore or disregard a claim merely because the veteran did not expressly raise the appropriate legal provision which corresponds to the benefit sought,” Fanning v. Brown, 4 Vet.App. 225, 229 (1993) (citing Akles v. Derwinski, 1 Vet.App. 118, 121 (1991)). This duty has not diminished over time. See Szemraj v. Principi, 357 F.3d 1370, 1376 (Fed.Cir.2004) (discussing VA’s duty to “give a sympathetic reading to the veteran’s filings to determine all claims for recovery supported by a liberal construction of those allegations”); Hodge v. West, 155 F.3d 1356, 1362 (Fed.Cir.1998) (the Secretary has the duty to “fully and sympathetically develop the [veteran’s] claim to its optimum before deciding it on the merits.”).
Accordingly, because I believe that the underlying vacatur and remand order had to have been and was predicated on error, I would reverse the holding in the case before us that the appellant veteran lacked prevailing-party status under the EAJA. *565 This would not necessarily lead to an award of attorney fees under the EAJA because there would remain the issue of whether the Secretary’s action was substantially justified. See 28 U.S.C. § 2412(d)(1)(B); Cullens v. Gober, 14 Vet.App. 234, 237 (2001) (en banc). I would therefore send the case back to the single judge for determination of this issue.
More pointedly, however, this case (1) presents an exceptionally important issue whether we can vacate a Board decision and remand a matter without finding the Board decision faulty in some way, and (2) highlights a growing lack of uniformity in the Court’s decisions. Both are bases for granting a full-Court decision. U.S. Vet.App. R. 35(c).

1. Authority to Vacate and Remand

Our vacatur authority is contained in section 7261(a),[2] which allows us to “hold unlawful and set aside”[3] decisions, findings, or conclusions of the Board when they are found to be “arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law” (section 7261(a)(3)(A)), “contrary to constitutional right, power, privilege, or immunity” (section 7261(a)(3)(B)), “in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right” (section 7261(a)(3)(C)), “without observance of procedure required by law” (section 7261(a)(3)(D)), or, as to factual determinations, “clearly erroneous” (section 7261(a)(4)). None of the grounds for vacatur allows this Court to vacate a final Board decision without a finding that the Board decision is in some way deserving of being set aside.[4]
The concept of vacating a Board decision and remanding the matter[5] without a find *566 ing either of error or that the decision was not in accordance with law first came to fruition in Gordon v. Principi 17 Vet.App. 221, 223 (2003) [hereinafter Gordon II], when a panel of this Court, relying on Maggitt v. West, 202 F.3d 1370 (Fed.Cir.2000), effectively stated that we could vacate a Board decision and remand the matter without a finding of Board error. The single judge in the case now before us, relying on Gordon II, determined that the underlying court-approved joint remand and vacatur request, which did not specifically recognize a Board error, was not based on error.
The Federal Circuit in Maggitt, however, did not grant, nor does it appear that that court intended to or could grant, authority inconsistent with or in contravention of our existing authority under title 38 to vacate a Board decision and remand the matter. It “is axiomatic that the language in [any case] must be read in light of the facts and issues that were before the court when the language was written.” Grantham v. Brown, 114 F.3d 1156 (Fed.Cir.1997). The issue confronting the Federal Circuit in Maggitt was whether this Court had jurisdiction to address an issue not raised below. Maggitt, 202 F.3d at 1376-77. The Federal Circuit held that we did, as long as we had jurisdiction over the claim. Id. Anything beyond that finding is dicta. See Lasovick v. Brown, 6 Vet.App. 141, 153 (1994) (Ivers, J., concurring in part and dissenting in part) (“The danger of ... dicta is that, although theoretically and technically not binding, practically, [it] give[s] the appearance of carrying the cloak of judicial acceptance.”).
Moreover, although Maggitt did address the benefits of a remand (i.e., (1) so that the matter can be resolved in the first instance below, or (2) so that a later reviewing Court can have the benefit of the Board’s analysis on the issue, Maggitt, 202 F.3d at 1377), Maggitt never said that these benefits were themselves the bases or authority for remand, let alone vacatur. Vacatur is not warranted unless, upon our review, we find the necessary basis for such an order. This is fully consistent with the statutory mandate that a Board decision is final, subject only to reconsideration by the Board Chairman (section 7103(a)), reopening by the Board itself to correct obvious error (section 7103(b)(3)), or order of the Court (consistent with our jurisdictional statute) (sections 7252(a), 7261). See 38 U.S.C. §§ 7103(a), (b)(3), 7252(a), 7261; Hayslip v. Principi, 364 F.3d 1321, 1325-26, 2004 WL 757983, *2-3 (Fed.Cir.2004) (discussing finality of Board decision and noting that finality is only vitiated in a few, narrow ways). If we could vacate a Board decision and remand for consideration of any newly raised issue, even one not potentially applicable, it would weaken or render meaningless the finality provisions of the statute.

2. The Growing Conflict

We now have at least four cases addressing an identical issue; in two cases, the Board decisions have been vacated and the matter remanded without a finding of error, whereas the other two Board decisions were vacated and the matter remanded based on a determination that the regulation not addressed below should *567 have been considered and addressed. Compare Wanner v. Principi, 17 Vet.App. 4, 18 (2003) (remanding argument for 10% rating in each ear for bilateral tinnitus because of Board’s error in failing to consider and address 38 C.F.R. § 4.25(b)) and Chamblin v. Principi, No. 00-2305, 2003 WL 1559893 (Vet.App. Mar.21, 2003) (same), with Pardue v. Principi, No. 00-2124, 2002 WL 549938 (Vet.App. Mar. 11, 2002) (remanding, under Maggitt, argument for 10% rating in each ear for bilateral tinnitus for Board to consider in the first instance), and Gibson v. Principi, No. 00-2155, 2002 WL 337542 (Vet.App. Feb.13, 2002) (same).[6] Besides the question whether we are acting in accordance with our statutory authority, the further import of these differing bases for remand becomes manifest in any associated EAJA application, with prevailing-party status clearly present in one situation, yet, under Gordon II, found lacking in another. Compare Chamblin v. Principi, No. 00-2305 (Vet.App. Aug. 5, 2003) (order granting EAJA application), with Pardue v. Principi, No. 00-2124, 2002 WL 31941518 (Vet.App. Dec.4, 2002) (order denying EAJA application). Left unaddressed, this lack of uniformity in the application of our remand and vacatur authority is certain to grow; we should issue a full-Court decision in this case to prevent that from happening.

3. An Appropriate Case for En Banc Consideration

With regard to whether this is the appropriate case to address the issues raised above, I respectfully suggest it is. Reviewing this case would not lead to a rewrite of the underlying merits decision, nor, obviously, would it lead to any of the anomalies that could arise if such a merits rewrite were conducted. We need only apply the well-settled legal principle that the Court is presumed to have acted within its jurisdiction, see n. 1, supra, note that the underlying decision vacated the Board decision and remanded the matter so that a regulation could be considered that was not previously considered, and find that the vacatur must have been predicated on error below. A reversal of the decision finding no error (including implicit error) and denying prevailing-party status is all that is required. Effectively, we would be overruling Gordon II, supra.
Finally, although the underlying order in this case that vacated the Board decision and remanded the matter to the Board was requested by the parties in a joint motion that did not contain an admission of error by the Secretary, this does not end the matter.[7] Although Sumner, *568 supra, recognizes an admission of error by the Secretary as one prong leading to prevailing-party status, it clearly notes that even absent such admission a Court finding of error in support of the remand action is another prong that will lead to prevailing-party status. Id. at 265. In the underlying merits decision in this case, the Court not only remanded the matter, it vacated the Board decision. As discussed above, the decision to vacate the matter could only have been based on error; since such error was not explicitly found, it necessarily must have been implicit. To hold otherwise means that the vacate order was improvident and/or ultra vires; such a result is not necessary.
For the above reasons, I respectfully dissent from the decision to deny en banc review.

. The Court is presumed to have acted within its authority and the action will be construed, if possible, to provide that result. See Old Wayne Mut. Life Ass’n v. McDonough, 204 U.S. 8, 20, 27 S.Ct. 236, 51 L.Ed. 345 (1907) (noting general rule that a court, "when proceeding within the general scope of its powers, is presumed to act rightly within its jurisdiction").

. In contrast, our authority to "affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate,” is contained in section 7252(a) and, although generally circumscribed by our scope of review, our authority to "remand the matter, as appropriate” is not as limited as our authority to vacate. See 38 U.S.C. §§ 7252(a), (b), 7261; infra n. 5.

. "Set aside” is defined as “to annul or vacate (a judgment, order, etc.).” Black’s Law Dictionary 1376 (7th ed.1990) (emphasis added).

. In addition to being appropriate when there is error below, vacatur is appropriate when a Board decision is rendered no longer "in accordance with law” as a result of some intervening cause. 38 U.S.C. § 7261(a)(3)(A). See, e.g., Luyster v. Gober, 14 Vet.App. 186 (2000) (vacatur and remand for application of recently passed law with retroactive application); Landicho v. Brown, 7 Vet.App. 42 (1994) (vacatur and dismissal when an appellant dies during the pendency of his case before this Court). Because there is no error below in these cases, there would be no prevailing-party status under the EAJA. See, e.g., Stunner v. Principi, 15 Vet.App. 256, 260-61 (2001) (en banc), aff'd sub nom. Vaughn v. Principi, 336 F.3d 1351 (Fed.Cir.2003).

.It appears that our remand authority, when exercised alone, although also tied largely to our scope-of-review authority in section 7261, is not necessarily so limited. Section 7252(a) is a general statement of our judicial authority, which is tied to our exclusive jurisdiction to review decisions of the Board. Section 7252(b) states that our review is to be on the record below and limited to the scope of review provided in section 7261. Nevertheless, there are instances when a remand might be appropriate without review. In Cerullo v. Derwinski, 1 Vet.App. 195, 196 (1991), this Court sanctioned the relinquishment of our jurisdiction at the request of the Board, so that it might reconsider its decision. There is no review of the record in such cases, only action upon a request by the Board (brought to this Court via either a motion by the Secretary or a joint motion). This relinquishment of jurisdiction has been effectuated by both remand, see Lematta v. Brown, 8 Vet.App. 504, 506 (1996) (EAJA case, but noting that underlying merits disposition had been remanded pursuant to Secretary's Cerullo motion), and vacatur and remand, Miller (John D.) v. Principi, No. 02-287, 2002 WL *566 31477648, at *2-3 (Vet.App. Oct.31, 2002) (granting Secretary's Cerullo motion and vacating and remanding) (not cited as precedent, see infra n. 7). I question the appropriateness of vacating the Board decision in such cases; a vacated decision leaves nothing to be reconsidered by the Board, vacatur is not necessary, and our vacatur authority is clearly tied to our review, which is not being conducted in such cases. I also recognize that a vacatur order in these cases likely carries little or no practical impact. This is not so in the instant case, where prevailing-party status is denied even in the face of error below.

. I am not citing the nonprecedential cases as authority. See U.S. Vet.App. R. 30(a). Rather, I am citing them to show how the Court has applied the law inconsistently to identical arguments and factual scenarios.

. As the Supreme Court has stated, in the context of its own review: "All Members of the Court are agreed that we 'should [not] mechanically accept any suggestion from the Solicitor General that a decision rendered in favor of the Government by a United States Court of Appeals was in error.’ ” Lawrence v. Chater, 516 U.S. 163, 170-71, 116 S.Ct. 604, 133 L.Ed.2d 545 (1996) (quoting Mariscal v. United States, 449 U.S. 405, 406, 101 S.Ct. 909, 66 L.Ed.2d 616 (1981) (Rehnquist, J., dissenting)). See also Chiarella v. United States, 341 U.S. 946, 71 S.Ct. 1004, 95 L.Ed. 1370 (1951) (remand based on consideration of the record as well as confession of error by the Solicitor General); Penner v. United States, 399 U.S. 522, 90 S.Ct. 2240, 26 L.Ed.2d 781 (1970) (remand based on an independent review of the record and confession of error by the Solicitor General). Nor has the agreement of the parties been deemed sufficient to set aside a valid judgment. See, e.g., U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 26-27, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994) (setting aside a valid judicial judgment should not turn solely upon agreement of the parties); Grantham v. *568 Brown, 114 F.3d 1156, 1158 (Fed.Cir.1997) (agreement of the parties that decision below was improper "may not be resolved by consent and must be addressed on the merits”).